OF THE VIRGIN ISLANDS



**FILED**

December 01, 2025 02:47 PM
ST-2025-RV-00009
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

ST. THOMAS CARGO & SHIP
SERVICES, INC.,

               Appellant,

    v.

BONNIE BRAGA,

               Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO. ST-2025-RV-00009**

**APPEAL**

**RE: Super. Ct. No. ST-2024-SM-00091**

### 2025 VI Super 40

### <u>MEMORANDUM OPINION AND ORDER</u>

¶1    **THIS MATTER** is before the Court upon Appellant, St. Thomas Cargo & Ship Services, Inc's ("STT Cargo"),[1] notice of appeal, filed September 9, 2025,[2] and the record from the underlying Small Claims matter, Case No. ST-2024-SM-00091, before the Magistrate Division of this Court. After reviewing the notice of appeal and the record, the Court concludes that Appellant received legal notice[3] of the suit and failed to act in a timely manner. Furthermore, Appellant

---

[1] Appellant's corporate name is written both with an ampersand as well as with the conjunction "and" throughout the record. As Appellant does not dispute that the variations of spelling of Appellant's name in the record are, in fact, Appellant, any such argument is waived. *See In re Bauxite Containing Silica Halliday Litig. Series*, Master Case No. SX-2015-CV-097, 2024 WL 1638585, at *4 n.3 (V.I. Super. Ct. Mar. 26, 2024) (unpublished) (arguments raised for the first time in reply waived); *see generally World Fresh Markets, LLC v. Henry*, 71 V.I. 1161, 1171-73 (V.I. 2019) (arguments not timely raised are waived); *Skepple v. Bank of N.S.*, 69 V.I. 700, 744-46 (V.I. 2018) (substantively participating without presenting objection waives legal arguments); *Ubiles v. People*, 66 V.I. 572, 583-84 (V.I. 2017) (explaining "Fairly Presented" standard and the consequences of failing to Fairly Present an argument); *Evans-Freke v. Evans-Freke*, 75 V.I. 407, 465-80 (V.I. 2021) 465-80 (Swan, J., concurring) (substantive participation can waive even a previously preserved defense).

[2] As this matter is in the Appellate Division, the Virgin Islands E-filing rules apply. For Parties' filings approved by the Clerk of the Court, the operative date for purposes of complying with filing deadlines is the date a document is submitted electronically. V.I. E-FILING R. 5(d) ("If the clerk accepts the document, the document shall be considered filed with the court on the date the original submission to the electronic filing system was complete."); *see also* V.I. E-FILING R. 5(c).

[3] *See generally Skepple*, 69 V.I. at 715 n.5 (defining "Legal Notice" and analyzing Due Process notice requirements for commencing a case).

**2025 VI Super 40**

failed to make out a case of Good Cause/Excusable Neglect;[4] and the Default Judgement obtained

by Appellee is valid.[5] Therefore, the Court affirms the Order entered August 28, 2025,[6] denying

STT Cargo's motion to vacate the June 26, 2025 Order[7] of the Magistrate Division for the reasons

explained below.

---

[4] V.I. SM. CL. R. 6(b) (A motion for relief from a "Default Judgment" in a "Small Claims Proceeding" "must state good cause for granting such relief."); *see generally Montgomery v. Virgin Grand Villas St. John Owners' Ass'n,* 71 V.I. 1119, 1127 (V.I. 2019) (quoting *Beachside Assocs., LLC v. Fishman,* 53 V.I. 700, 713 (V.I. 2010)); *Beachside Assocs.,* 53 V.I. at 713 (quoting *MCI Telecomms. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir. 1995); and citing *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1312 (3d Cir.1995); *Turner v. City of Taylor,* 412 F.3d 620, 650 (6th Cir.2005); *McGuire v. Turnbo,* 137 F.3d 321, 324 (5th Cir.1998); *Adams v. AlliedSignal General Aviation Avionics,* 74 F.3d 882, 887 (8th Cir. 1996); *Boudette v. Boudette,* 923 F.2d 754, 75–56 (9th Cir.1991)).

[5] Appellant does not challenge the Default Judgement as lacking any of the four essential requirements of a valid judgment, and the record reflects STT Cargo had Legal Notice and does not reveal a facial deficiency in the Default Judgment. *Cf. Skepple.,* 69 V.I. at 731 ("[T]he facts in the record [do not] make a *prima facie* showing that service was accomplished." (citing *Molloy v. Independence Blue Cross,* 56 V.I. 155, 172 (V.I. 2012); *Settlemier v. Sullivan,* 97 U.S. (7 Otto) 444, 447 (1879); *Thomas v. Bonanno,* Civ. No. 2013-06, 2013 WL 3958772, at *3 (D.V.I. July 30, 2013) (unpublished))).

[6] V.I. SUPER. CT. R. 322(b)(1) (deadline for appeal from Magistrate Division runs from "entry" of the Final Order in a Small Claims Proceeding).

[7] As discussed more fully below, the record establishes that STT Cargo was "properly served with process" and did not appear on the return date. Judgment having been entered after taking evidence on damages in STT Cargo's absence, the June 26, 2025 Order was a "Default Judgment," regardless of it being labeled an order. V.I. SM. CL. R. 4(b)(3)(A); *Henry,* 71 V.I. at 1170 (citing *Penn v. Mosley,* 67 V.I. 879, 891 n.4 (V.I. 2017) (discussing the distinctions between a judgment, order, and decree); *Miller v. Sorenson,* 67 V.I. 861, 871 n.5 (V.I. 2017) (discussing the distinctions between a judgment and decree); *Prosser v. Prosser,* 33 V.I. 32, 40 (V.I. Super. Ct. 1995) (Noting that "with the procedural merger of law and equity in the federal and most state [and territorial] courts under the Rules of Civil Procedure, the term 'judgment' has generally replaced 'decree.'" (quoting BLACK'S LAW DICTIONARY 410 (6th ed. 1990), and citing 16 V.I.C. §§ 108, 110, 111; 46 AM. JUR. 2D *Judgments* § 2 (1969)))); *Davis v. People,* 76 V.I. 514, 526 n.4 (V.I. 2022) (Swan, J., concurring) (citing *Balboni v. Ranger Am. of the V.I.,* 70 V.I. 1048, n.4 (V.I. 2019) ("It is well-established that it is the content and substance of an argument, rather than its form or title, that is controlling." (citing *Island Tile & Marble, LLC v. Bertrand,* 57 V.I. 596, 611-12 (V.I. 2012); *Hughley v. Gov't of the V.I.,* 61 V.I. 323, 333 (V.I. 2014))); *Hughley,* 61 V.I. at 333 (noting that litigants need not use "magic words"); *see Sorenson,* 67 V.I. at 872 (acknowledging that it is the substance of a court's actions rather than the label the court applies that controls (citing *Bryan v. Fawkes,* 61 V.I. 416, 452 n.17 (V.I. 2014))); *Penn,* 67 V.I. at 898-99 ("[C]ourts should examine, not just the nominal label (or, as here, the absence of a label), but the substance of what is requested." (citing *Jarbough v. Attorney Gen.,* 483 F.3d 184, 189 (3d Cir. 2007))); *Toussaint v. Stewart,* 67 V.I. 931, 947 (V.I. 2017) (citing *Bryan,* 61 V.I. at 467 n.30; *Anthony v. FirstBank V.I.,* 58 V.I. 224, 228 n.5 (V.I. 2013); *Bertrand,* 57 V.I. at 611-12; *Joseph v. Gov't of the V.I.,* 54 V.I. 644, 648 n.2 (V.I. 2011); *Penn,* 67 V.I. at 898-99; *Jarbough,* 483 F.3d at 189).

**2025 VI Super 40**

## BACKGROUND

¶2    Appellant does not challenge the judgment based on a lack of supporting evidence[8] but, instead, argues that the judgment should be vacated to provide STT Cargo with the opportunity to present opposing evidence on damages at a new trial.  Because there is no challenge to the sufficiency of the evidence produced at trial, the following is a summary of the allegations (and findings of fact) that are included only for the purpose of providing context,[9] followed by the material procedural history determinative of this Appeal.

### I.    Allegations and Findings of Fact

¶3    It was alleged that Braga paid STT Cargo monthly fees for use of storage space #12 for over 25 years.[10]  Braga usually paid monthly storage fees several months in advance for the duration of her occupancy of the storage space and was paid in full at the time of her August 9, 2024 visit.[11]  On that day, Braga visited storage space #12 at STT Cargo and found that the padlock had been removed and the contents emptied.[12]  She was the only person with a key.[13]  Braga immediately contacted a person she alleges to be a manager of STT Cargo and reported the missing contents of her storage space.  This person could not offer an immediate explanation to Braga, and it took STT Cargo three days to provide such.

---

[8] *See generally, e.g., Penn*, 67 V.I. at 892-93 (reviewing a Small Claims appeal for sufficient evidence).
[9] *See generally Id.* at 897 ("[R]ather than [blindly accept] the legal terminology used by [a party's] lawyer when seeking review in the Superior Court's Appellate Division [,] . . . the Appellate Division is cautioned to look at the factual substance of the testimony of *pro se* Small Claims parties and consider legal theories that might be implicated . . . ." (citing *Cape Air Int'l v. Lindsey*, 53 V.I.604, 619 (V.I. 2919))).
[10] SC Compl., p. 1-2 and Ex. 2, p. 2 (Police Incident Report Narrative Page).
[11] SC Compl., p. 1.
[12] SC Compl., p. 1.
[13] SC Compl., p. 2.

**2025 VI Super 40**

¶4　　When Braga returned to STT Cargo, she alleges that the manager "Amy Gillotte" explained that STT Cargo had hired a company to clean out storage spaces near Braga's; during this process, Braga's storage space was also emptied.[14] The manager explained that those employed by STT Cargo who had made this mistake "had been let go."[15] Braga filed a police report and retained counsel, who wrote a letter to STT Cargo, which was hand delivered on September 11, 2024.[16] STT Cargo failed to respond in any way.[17] While Braga's counsel was awaiting a response, Braga began receiving various credits to her credit card. In response, Braga canceled her credit card and contacted Amy Gillotte at STT Cargo to explain that these unilateral actions were "unacceptable."[18]

---

[14] SC Compl., p. 2.

[15] SC Compl., p.1-2.

[16] SC Compl., p. 2 and Ex. 4.

[17] SC Compl., p. 2.

[18] SC Compl., p. 3. While litigants have an obligation to mitigate damages, it is unclear if STT Cargo was refunding these credits to declare their acceptance was in some way a settlement. Certainly, Braga could not be faulted for accepting refunds of charges that were made after her storage space had been wrongly emptied, as these were invalid. *See generally Gimenez v. De Leon*, No. ST-15-RV-4, 2016 WL 10805685, at *4 (V.I. Super. Nov. 4, 2016) (unpublished) (Generally, courts should "'promote the mitigation of damages,' [and a] party 'to a contract cannot recover damages for loss that he could have avoided by reasonable efforts," and he is "expected to take such affirmative steps as are appropriate in the circumstances to avoid loss by making substitute arrangements'" (quoting *Raimer v. Stout*, 14 V.I. 568, 591 (V.I. Super. Ct. 1978); *H. E. Lockhart Mgmt. v. Hughes*, 40 V.I. 123, 129-131 (V.I. Super. Ct. 1999); and citing *Germain v. Crown*, 9 V.I. 501, 506 (D.V.I. 1973))); *Julien v. Matthew*, 78 V.I. 947, 960 (V.I. 2024) ("Material breaches excuse the non-breaching party's performance and allow for a myriad of remedies." (citation omitted)); *In re Exide Techs.*, 607 F.3d 957, 962-63 (3d Cir. 2010), *as amended* (June 24, 2010) ("[A] material breach, which 'justifies the other party to suspend [their] own performance,' is 'a breach which is so substantial as to defeat the purpose of the entire transaction.' . . . The non-breaching party will be discharged from the further performance of its obligations under the contract when the breach goes to the root of the contract.'" (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 895 (2d Cir.1976); and citing *In re Lavigne*, 114 F.3d 379, 387 (2d Cir.1997))). However, without any clear indication from STT Cargo that the refunds were not in full settlement of any potential claim Braga had against them for the wrongful removal and destruction of her property in breach of the contract for Braga to have a license to use STT Crago's Unit 12 storage space, Braga was wise to end these unilateral actions by the party whom she believed had breached their contract and wrongfully disposed of her personal property.

**2025 VI Super 40**

¶5    After a lack of response, Braga filed her Small Claims Complaint, which included an

itemized list of the contents of her storage unit and their estimated value.[19]  Braga also attached

various invoices from STT Cargo and credit card receipts indicating she had paid her storage unit

fees under the license contract through August of 2024.[20]

¶6    These allegations appear to present a claim of breach of a contract for a license to use real

property (*i.e.*, the storage space (#12) at STT Cargo),[21] as Braga alleges she paid to use a storage

---

[19] SC Compl., Ex. 3, p. 1

[20] SC Compl., Ex. 5 p. 4.

[21] Although the Small Claims Complaint indicates this is an action for "Debt/Damages," the Court is still obligated to consider the factual substance of the allegations (and, later, evidence). *Penn*, 67 V.I. at 897; *e.g.*, *Serieux v. Schneider Clinic*, 74 V.I. 429, 436 (V.I. Super. Ct. 2021) ("Although [plaintiff] asserted an action for debt in Small Claims Court, the allegations in [the] complaint read as negligence on the part of a medical provider. The Court could also liberally construe [the] claims as a breach of contract between doctor and patient."); *Chaput v. Scafidi*, 66 V.I. 160, 185 (V.I. Super. Ct. 2017) ("[Plaintiff's] last claim was also couched as a debt claim: the value of the gun [Defendant] allegedly stole from [plaintiff's] house. However, in truth, [plaintiff] asserted a claim for conversion." (citing *Shmueli v. Corcoran Group*, 802 N.Y.S.2d 871, 875 n.2 (N.Y. Sup. Ct. 2005))); *Rahhal v. Clarke*, 2022 VI SUPER 67U, ¶¶ 2, 16 ("This matter arises from Clarke's purchase of a vehicle. . . . Although never so presented, the nature of Clarke's claim against Rahhal is for breach of the parties' contract."); *see generally Toussaint*, 67 V.I. at 947 ("Courts should look beyond the nominal label given by a party to the substance of what is being asked." (citing *Bryan*, 61 V.I. at 467 n.30; *Anthony.*, 58 V.I. at 228 n.5; *Bertrand*, 57 V.I. at 611–12; *Joseph*, 54 V.I. at 648 n.2; *Penn*, 67 V.I. at 897; *Jarbough*, 483 F.3d at 189)); *Bradley v. International Voyager Media, Inc.*, 50 V.I. 51, 69 (V.I. Super. Ct. 2008) ("[A] license is an agreement allowing a party to use the land of another for a specific purpose, subject to the control and management of me owner. Unlike a lease, a license does not convey any interest in land, is usually not assignable, and may be either created orally or by written contract." (citation omitted)); *cf. Yacht Haven USVI, LLC v. Hubbly Bubbly, LLC*, Case No. ST-12-CV-327, 2012 WL 12518129, at *1 (V.I. Super. July 30, 2012) (unpublished). "Damages" is not a cause of action; it is the element of a civil action giving rise to a right to relief. "Debt" has not been adopted as a cause of action by the Virgin Islands Supreme Court. Notably, an action for "Debt" is an amorphous concept of questionable utility as a cause of action. "Breach of Contract" covers nearly every factual situation in which a non-tort debt can be created. *See generally Chaput*, 66 V.I. at 190 ("'Ordinarily, a promissory note is the primary evidence of the indebtedness.' A promissory note is 'an unconditional **contract** to pay . . . .'" (emphasis added) (quoting *Fed. Farm Mortg. Corp. v. Bollinger*, 108 P.2d 492, 494 (Kan. 1940). *Kothari v. Patel*, 585 S.E.2d 97, 103 (Ga. Ct. App. 2003))). Furthermore, *Thomas v. Carlos Warehouse* recognized that a majority of courts have held that "Debt" is indistinguishable from causes of action such a Breach of Contract. 64 V.I. 173, 186 (V.I. Super. Ct. 2016) ("'[O]ur cases have noted in *dicta* that debt claims sound in contract law." (citing *Ryans Rest.*, 949 F. Supp. at 381–82; *Schroeder v. Hackett*, 13 V.I. 242, 247 (V.I. Super. Ct. 1977); *Peppertree Terrance v. Williams*, 52 V.I. 225, 237 (V.I. 2009) (Swan, J., concurring))); *see also id.* at 188 (collecting cases from other jurisdictions). In situations not amounting to a Breach of Contract, there are quasi-contract and "Unjust Enrichment" theories of recovery, *Carlos Warehouse*, 64 V.I. at 191 (collecting cases acknowledging that debt claims often factually lie as claims of Unjust Enrichment and quasi contract); and the rules of civil procedure allow both pleading inconsistent claims and claims in the alternative. It is also noteworthy that, while *Carolos Warehouse*, 64 V.I. at 191, stated that some courts had identified factual situations in which causes of action such as Breach of Contract and Unjust Enrichment do not apply to facts clearly indicating a debt owed, the cases cited rely upon Unjust Enrichment and quasi

space in a storage facility that had regulated access.[22] The facts alleged also involve the

unauthorized destruction of personal property, therefore, a claim of conversion is colorable.[23]

¶7    At the Small Claims Default Judgement Hearing, Braga testified to the facts as alleged and

supported her testimony with exhibits.[24] Specifically finding Braga credible, the trial court noted

---

contract theories of recovery. Furthermore, in *Carlos Warehouse*, 64 V.I. at 183, the court noted that, "[i]n its December 31, 2013 [Small Claims] Complaint, Carlos Warehouse alleged that [the defendant] purchased merchandise from its store, failed to make payments, and still owes a balance. No claim, as such, was identified in the complaint." This was plainly a breach of contact alleged. The Court cannot identify a factual scenario in which a claim of "Debt" would be distinguishable, either substantively or procedurally, from a claim for Breach of Contract, Unjust Enrichment, or a quasi-contract theory. Moreover, *Carlos Warehouse* predated the Supreme Court's directive in *Penn*, 67 V.I. at 897, that this Court is to consider the evidence presented in a Small Claims Proceeding and consider the legal theories of recovery implicated by that evidence. Recognizing a separate cause of action for "Debt" independent of existing theories of recovery appears to have about as much utility as treating a breach of a lease as a claim different from a claim for Breach of Contract. In light of the binding command of the Virgin Islands Supreme Court in *Penn* that "the Appellate Division is cautioned to look at the factual substance of the testimony of *pro se* Small Claims parties and consider legal theories that might be implicated . . .." *Id.* at 897 (citing *Cape Air Int'l*, 53 V.I. at 619), this Court believes the best rule of law for the Virgin Islands is far more likely to be developed when a *pro se* party's evidence does not fit within an existing cause of action, thus creating the need to determine the contours of a claim of "Debt." The facts giving rise to such a situation would be informative as to the best formulation of the elements of the cause of action. *Cf. Carlos Warehouse*, 64 V.I. at 185 ("No court in the Virgin Islands has ever discussed the common law origins of the debt action, what law governs a debt claim, or **how a claim for debt is proven in court.**" (emphasis added)). Because the facts of this Case plainly fall within several existing causes of action, there is no need to consider a claim of "Debt."

[22] Alternatively, depending on the terms of access to the storage space, the Parties may have had a lease contract. Lastly, though the present facts do not seem to give rise to such a claim, the depositing of one's personal property with another for storage could establish a bailment agreement. *See generally Cape Air Int'l*, 53 V.I. at 620 ("A bailor makes out a prima facie case of negligence by a bailee by proof of three elements: a contract of bailment; delivery to the bailee; and the failure of the bailee to redeliver the property at termination of the bailment." (citations and internal quotations omitted)); *McKenzie Const., Inc. v. St. Croix Storage Corp.*, No. CIV. 1991-0141, 1997 WL 34898714, at *5 (D.V.I. Feb. 3, 1997) (unpublished) ("'In order to create a bailment, possession of the subject property must pass from the bailor to the bailee. Generally, this takes the form of a delivery by the bailor and an acceptance by the bailee.'" (quoting *Ventura v. Pearson*, 17 V.I. 107, 115 (V.I. Super. Ct. 1980))).

[23] *See generally Penn*, 67 V.I. at 899 (Plaintiff "unequivocally argued that property, which was [theirs], had been removed from [their] home by [defendant] and not returned. This is the archetypical example of conversion.").

[24] Unfortunately, the trial court did not note what the trial exhibits were or if they were the same as attached to the Small Claims Complaint. Because Appellant did not seek a new trial based on insufficient evidence and does not challenge the evidence on appeal, it is unnecessary to further develop the evidentiary support for the judgment. However, it is useful for appellate purposes to note that, if the evidence presented in a Small Claims Default Judgment Hearing (or Trial) is the same as any exhibit to the Small Claims Complaint and to at least note the nature of any further evidence presented at trial. Although, it is arguably proper to infer that the exhibits were those attached to the Small Claims Complaint, as a Small Claims plaintiff has an affirmative duty to attach any written documentation upon which a Small Claims Complaint is based, V.I. SM. CL. R. 2(a)(2) ("If the claim is based in part upon a written document, a copy of the document should be attached to the complaint . . . ."), such an inference is not necessarily supported by the present facts. The better practice would be for the Magistrate to note what the trial exhibits are when entering judgment and note which exhibits were attached to the Small Claims Complaint.

2025 VI Super 40

as follows, "Observing the Plaintiff's demeanor and testimony, and considering the complaint filed by the Plaintiff, the Court found that the Plaintiff had met her burden of proof by a preponderance of the evidence."[25]

## II. **Procedural History**

¶8     On May 21, 2025, Appellant, Braga, commenced[26] a Small Claims Proceeding[27] (Case No. ST-2025-SM-00091) in the Magistrate Division[28] of this Court by filing a Small Claims Complaint against STT Cargo.[29]  On May 28, 2025, a Small Claims Summons was returned by the Superior Court Marshal's Office in which it was reported that the summons was served on Amy Weddle[30] on May 23, 2025.[31]  The summons was addressed to St. Thomas Cargo and Shipping at 8197

---

[25] Default Judgment, p. 1, June 26, 2025.

[26] V.I. SM. CL. R. 2(a) ("A Small Claims action is commenced by filing a complaint with the Clerk of the Court."); *Parris v. Nurse*, 76 V.I. 492, 501 (V.I. 2022) ("[G]eneral provisions in title 5 state that the limitations subtitle 'applies to suits[,] which are brought in one form of action known as 'civil action' pursuant to [the Federal Rules of Civil Procedure.]' The Federal Rules of Civil Procedure — and identically in the present V.I. Rules of Civil Procedure — define commencement of an action. The applicable rule provides that a civil action is commenced by the filing of a complaint." (alterations in original) (quoting 5 V.I.C. § 1; and citing FED. R. CIV. P. 3; V.I. R. CIV. P. 3; *Kelley v. Gov't of the V. I.*, 59 V.I. 742, 745-46 (V.I. 2013))).

[27] BLACK'S L. DICT., at 1241 (defining "proceeding" as "the regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment.").

[28] *See generally* V.I. SM. CL. R. 2(b) ("In accordance with Title 4, section 123(d) of the Virgin Islands Code, all actions commenced in the Small Claims Division shall be concurrently assigned to the Magistrate Division.").

[29] Sm. Cl. Complaint, p. 1, May 21, 2025; V.I. SM. CL. R. 2(a).

[30] The Virgin Islands Small Claims Rules do **not** incorporate by reference Virgin Islands Rule of Civil Procedure 4 governing service of process—which expressly provides for service upon a "managing or general agent" of a juridical person, V.I.R. CIV. P. 4(a)—and expressly reject the application of the Rules of Civil Procedure to Small Claims Proceedings. Notably, Appellant does not argue that service of process was ineffective or otherwise deficient, thus waiving such argument. *Henry*, 71 V.I. at 1171-73; *Skepple*, 69 V.I. at 744-46; *Ubiles*, 66 V.I. at 583-84. It is, therefore, reasonable to conclude that Amy Weddle, or however this person's surname may be spelled (as it appears in various spellings in the record), was, in fact, the manager of Appellant and a proper person to receive service on behalf of a juridical entity. *See generally Defoe v. Phillip*, 56 V.I. 109, 129 (V.I. 2012) ("[W]e recognize the principle that [juridical persons] may only act through their agents . . . ." (citing *Tavarez v. Klingensmith*, 372 F.3d 188, 191–92 (3d Cir. 2004))); *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 707 (V.I. 2014) (Juridical persons, "separate and apart from the human beings who own, run, and are employed by them, cannot do anything at all."); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 167 (1988) ("[A] corporation is incapable of doing anything except through the agency of human beings . . ." (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978))); *Evans-Freke*, 75 V.I. at 434 (Swan, J., concurring) (citing BLACK'S L. DICT., 1258 (defining "juridical person")).

[31] Proof of Service of Process, p. 2 (handwritten note "5/23/25 @ 12:45 pm @ St. Thomas Cargo and Shipping. Ms. Amy Weddle was served as a manager of the business.").

**2025 VI Super 40**

Subbase Suite 1, St. Thomas VI 00802 and directed that STT Cargo should appear at the Magistrate Division in Barbel Plaza South in Courtroom 2 at 11:00 AM on June 24, 2025.[32]

¶9     The Court held a Small Claims Default Judgment Hearing on the scheduled trial date, June 24, 2025, because neither Defendant nor its counsel appeared and neither STT Cargo nor its counsel had taken any actions to otherwise defend this Small Claims Proceeding. The Court heard testimony from Braga[33] and entered Default Judgment in her favor on June 26, 2025, (the "Default Judgment") in which the Court set a deadline of July 23, 2025, for STT Cargo to pay Braga the total award.[34] Proof of service of the Default Judgment upon STT Cargo was docketed June 30, 2025, and indicated that the judgement was served upon Samantha Williams on June 27, 2025, at STT Thomas Cargo's office at 8197 Subbase Suite 1 St. Thomas VI at 1:53 PM.

¶10     On August 25, 2025, the sixtieth day after entry of the Default Judgment, STT Cargo, through its President, filed a motion to vacate the judgment and for a new trial.[35] The motion was

---

[32] Proof of Service of Process, p. 1.

[33] The Record of Proceeding entered June 24, 205, indicates that the witness for petitioner was Bonnie Braga; it does not list any other witnesses.

[34] Default Judgement, June 26, 2025.

[35] On August 6, 2025, 41 days after entry of Default Judgment, STT Crago attempted to file a motion to set aside the Small Claims judgment. However, while the motion had been docketed, by order entered August 13, 2025, the Court disregarded the motion as a "legal nullity" because it was filed through counsel. (Order, August 13, 2025.) *See* 4 V.I.C. § 112(d) ("Neither party [to a Small Claims matter] may be represented by counsel and parties shall in all cases appear in person except for corporate parties, [who must] appear by a personal representative."); V.I. SM. CL. R. 2(c) (declaring the circumstances under which parties to a Small Claims Proceeding waive their right to, *inter alia*, counsel) (Comment: "Rule 2(c) and (d) harmonize the small claims procedure with the constitutional rights to due process, representation by counsel, and a jury trial. ... Rule 2(d) safeguards the rights of defendants by requiring transfer of a case out of the Small Claims Division, as of right, if an attorney enters an appearance for the defendant, or the defendant requests to be represented by an attorney, before the Small Claims trial . . . ."); *Lettsome v. VI Sea Trans*, 52 V.I. 109, 112 (V.I. Super. Ct. 2009) ("[I]n the Small Claims Division of this Court corporations must appear through a representative who is *not* an attorney." (emphasis in original) (citing 4 V.I.C. § 112(d); *Thomas v. St. Croix*, 41 V.I. 3 (V.I. Super. Ct. 1995))); *Shroeder v. Hackett*, No. 76/1977, 1977 WL 425261, at *1 (V.I. Super. Ct. Mar. 22, 1977) (unpublished); *see also Ryans Restaurant, Inc. v. Lewis*, 949 F. Supp. 380, n.4 (D.V.I. 1996); *Magens Interval Resort, Inc. v. Hart*, 73 V.I. 342, 348-57 (V.I. Super. 2020) (analyzing the attributes of a "personal representative" of a juridical person in a Small Claims Proceeding).

**2025 VI Super 40**

---

Counsel filed the motion for relief from judgment **after a Small Claims Default Judgment Hearing** at which a witness was sworn and testimony taken. Consequently, Rule 2(d)(2)—requiring transfer of a Small Claims matter to the general jurisdiction civil division upon the notice of appearance of counsel—was inapplicable; and counsel's motion for relief from a Small Claims Default Judgment could not be treated as a notice of appearance, as had been done in prior Small Claims Cases. V.I. SM. CL. R. 2(d)(2) (Counsel's appearance must be entered "prior to any party or witness being sworn."); *e.g., Alexander v. Wilson*, 73 V.I. 528, 532-33 (V.I. 2020) (treating counsel's motion for continuance of a Small Claims Trial as a notice of appearance requiring transfer to the general jurisdiction civil division); *see generally Balboni*, 70 V.I. at n.4 ("It is well-established that it is the content and substance of an argument, rather than its form or title, that is controlling." (citing *Bertrand*, 57 V.I. at 611-12; *Hughley*, 61 V.I. at 333)). Rather, Rule 6(b) governed; and only a "party" is authorized to file such a motion. V.I. SM. CL. R. 6(b) (The rule's language provides that, in a Small Claims Proceeding, a motion for relief from Default Judgement must be filed by a "party."); *see Deliver It, Inc. v. Mitchell*, No. 1293/1992, 1992 WL 12729456, at *2 (V.I. Super. Ct. Nov. 13, 1992) (unpublished) ("While the Defendant, through Attorney Hilaire, did file an Answer on October 2, 1992, the very day scheduled for the trial, it was illegally filed."). *Alexander v. Wilson* provides a useful comparison to the present procedural history.

In that case, counsel for a small claims defendant filed a motion for a continuance of the Small Claims Trial; and that motion was unhesitatingly treated as notice of appearance by counsel within the meaning of Rule 2(d)(2). 73 V.I. 528, 533 (V.I. 2020) ("Here, the record reflects that counsel filed a "Motion to Continue" on behalf of the defendants on February 13, 2018, which both requested a postponement of the hearing date and made the substantive legal argument that Alexander lacked the capacity to sue. Consequently, because the document had been filed before any party or witness had been sworn to give evidence, pursuant to the plain language of Small Claims Rule 2(d)(2) the matter should have been automatically transferred to the Civil Division at that point."). Importantly, the motion in *Alexander* was **filed before the swearing of witnesses.** In this matter, the motion filed by counsel was filed after a witness was sworn at the Small Claims Default Judgment Hearing and pursuant to Virgin Islands Small Claims Rule 6(b), which only allows a "party" to file such motions. V.I. SM. CL. R. 6(b). Considering the law and present facts, the Cout does not believe that the trial court's failure to treat a motion filed by counsel after a Small Claims Default Judgment Hearing as a notice of appearance by counsel was error in any way, much less an error that might require *sua sponte* reversal. Indeed, given the express language of the rule limiting who may file a motion for relief from Default Judgement in a Small Claims Proceeding to a "party," it would appear that, had the trial court treated the counsel-filed motion as a notice of appearance, such action would have been a willful violation of the Court's rules, which is prohibited. *Henry v. Dennery*, No. S.CT.CIV. 2012-0130, 2013 WL 206128, at *2 (V.I. Jan. 11, 2013) (unpublished) (There is "simply no excuse for a single judge setting aside a mandatory court rule that was validly adopted by the Superior Court pursuant to its rulemaking authority.").

This Court recognizes that the Virgin Islands Supreme Court has decided *Mill Harbour Condo. Owner's Ass'n v. Marshall*, 53 V.I. 581, 584 n.3 (V.I. 2010) ("Although 4 V.I.C. § 112(d) prohibits counsel from appearing on behalf of a party in the Small Claims Division, 'there is nothing in the Virgin Islands small claims schemata that bars counsel' from filing documents in the Small Claims Division after trial or judgment." (citing *Carr v. Pena*, 432 F. Supp. 828, 833 (D.V.I. 1977))). However, that case was decided before the effective date of the Virgin Islands Small Claims Rules. V.I. SM. CL. R. 1(b) ("These rules shall take effect as provided in a promulgation order by the Supreme Court of the Virgin Islands."); *Alexander*, 73 V.I. at 532 ("The Virgin Islands Small Claims Rules, . . . went into effect on December 1, 2017. . . ." (citing V.I. SM. CL. R. 2 Reporter's Note)). Furthermore, *Carr* had been expressly overruled on this exact point of law. *Ryans Rest.*, 949 F. Supp. at 383 n.4 ("We also observe that appellant's motion was filed in the Small Claims Division by counsel. 'Neither party may be represented by counsel and parties shall in all cases appear in person except for corporate parties, associations, and partnerships which may appear by a personal representative.' V.I. Code Ann. tit. 4, § 112. We do not interpret section 112 to mean that corporate parties may be represented by counsel in the Small Claims Division. . . . We reject any contrary interpretation of *Carr v. Pena*, 432 F. Supp. 828 (D.V.I. 1977) and *Deliver It v. Mitchell* [28 V.I. 25 (V.I. Super. Ct. 1992),] because th[e present interpretation maintaining the prohibition on appearance of counsel in a Small Claims Proceeding] allows quick and inexpensive resolution without interfering with any constitutional rights; legal counsel may be utilized should the case

be transferred to the regular Civil Division or appealed."); *Thomas v. St. Croix Marine*, 41 V.I. 3, 5 (D.V.I. 1995) ("[T]o the extent that *Mitchell* suggests that corporations may be represented by counsel, this Court respectfully disagrees with it. The [Small Claims] statute clearly 'prohibits litigants from being represented by counsel. Associations, partnerships and corporations may appear by a 'personal representative.'" (citations omitted)). Whatever the prior court rules may have allowed, Virgin Islands Small Claims Rule 6(b) limits who can file a motion for relief from Default Judgment in a Small Claims Proceeding to only a "party." V.I. SM. CL. R. 6(b). Any holdings to the contrary, *e.g.*, *Mill Harbour*, 53 V.I. at 584 n.3; *Carr*, 432 F. Supp. at 833; *Deliver It*, 28 V.I. at 29, were implicitly overruled when the Virgin Islands Small Claims Rules containing this limiting language were adopted. *See Mills-Williams v. Mapp*, 67 V.I. 574, 584-85 (V.I. 2017) ("Importantly, this Court has expressly held, in both its oldest and newest decisions, that the *Twombly* standard does apply to proceedings in the Superior Court, at least until this Court determines otherwise. We recognize, of course, that this Court has in fact determined otherwise, in that effective March 31, 2017, this Court adopted the Virgin Islands Rules of Civil Procedure . . . ." (emphasis in original) (citations omitted)). Indeed, Court's (just like Legislature's when passing laws) are presumed to know the law as it exists, *see Brooks v. Gov't of the Virgin Islands*, 58 V.I. 417, 428 (V.I. 2013) ("[T]he courts should presume that[,] when the Legislature creates a statute, it is aware of the long-standing procedures and practices of the courts." (citations omitted)), making it reasonable to presume that, when adopting the Virgin Islands Small Claims Rules, the Virgin Islands Supreme Court was aware of any precedent that allowed counsel to file post-judgment motions in a Small Claims Proceeding and affirmatively chose language that would prohibit such practice.

The language of Rule 6(b)—limiting **both when and under what circumstance** the relief is available (only after entry of a Default Judgment and no other Small Claims Judgment) **and who** may file a motion seeking post-trial relief (only a party)—indicates a strong policy preference for challenges to Small Claims judgments to be argued on appeal when counsel is available. The Virgin Islands Small Claims Rules prohibit counsel from making any post-trial filing in a Small Claims Proceeding in the Magistrate Division; and given the policies underlying the prohibition on counsel (keeping Small Claims Proceedings simple and inexpensive), it is a sound judicial rule to consider any filing in violation of this prohibition to be a nullity and without any legal effect. *E.g.*, *St. Croix Marine*, 41 V.I. at 5 ("Therefore all documents filed by counsel for [the Small Claims plaintiff], *i.e.*, its answer, motion to transfer, and proposed order, are null and void. Such documents should be filed and argued by a personal representative [of a party that is a juridical person]." (decided in 1995)); *but see* V.I. SM. CL. R. 2(d) (declaring that any filing by counsel prior to the swearing of a witness to give testimony must be treated as a request to transfer to the general jurisdiction civil division (rules effective in 2017)).

It must be noted that the prohibition on counsel in Small Claims Proceedings operates as an exception to the general prohibition on the unauthorized practice of law. *Ryans Rest.*, 949 F. Supp. at 383 n.4 ("[T]he usual rule that a corporation[ or other juridical person] may not appear *pro se* may be relaxed in accordance with the purpose of [Small Claims Proceedings] to allow a [juridical person] to be represented in the Small Claims Division by an officer or shareholder, even if that officer or shareholder is an attorney." (citing 4 V.I.C. § 112)); *see generally* 4 V.I.C. § 443(a) ("[T]he unauthorized practice of law shall be deemed to mean the doing of any act by a person who is not a member in good standing of the Virgin Islands Bar Association for another person usually done by attorneys-at-law in the course of their profession, and shall include but not be limited to: the appearance, acting as the attorney-at-law, or representative of another person, firm or corporation, before any court, referee, department, commission, board, judicial person or body authorized or constituted by law to determine any question of law or fact or to exercise any judicial power, or the preparation and/or filing of pleadings or other legal papers incident to any action or other proceeding of any kind before or to be brought before the same."); *Murphy Rigging & Erecting, Inc. v. Virgin Islands WAPA*, 76 V.I. 480, 486 (V.I. 2022) ("[T]he December 2, 2019 petition, ostensibly filed on behalf of [the juridical person defendant], had been signed by[ the corporation's CFO]—a layman—with the knowledge and assistance of Grande. who mailed it to the Clerk of the Superior Court and whose law firm address appeared under [the CFO']'s signature on the petition. The signing of a pleading on behalf of another person by an individual who is not a member in good standing of the Virgin Islands Bar is a textbook example of conduct that constitutes the unauthorized practice of law in the Virgin Islands . . . ." (citing *In re Nevins*, 60 V.I. 800, 803 (V.I. 2014))); *Bart Enters., LLC v. Sapphire Bay Condominiums W.*, 78 V.I. 582, 590-91 (V.I. 2023) ("Here, [a project manager for the plaintiff LLC,] who is not

**2025 VI Super 40**

one page and signed by Matthew Leondard, President of STT Cargo.[36] For its argument, Appellant stated that STT Cargo's "failure to appear at the hearing on June 24, 2025, was a result of its attorney's clerical mistake," even though STT Cargo had been served with process that informed it of the trial date. Based on its reliance upon counsel, STT Cargo asserts it "did not mean to not appear and feels it should [not] be punished for its attorney's mistake . . . and needs an opportunity to ask plaintiff questions about [the] valuation of" Plaintiff's lost personal property and to cross-examine Braga regarding "other things testified to . . . ." Ultimately, STT Cargo felt "it should be allowed its day in court and should not be punished for its attorney's clerical error."

¶11    By Order entered August 28, 2025, ("August 28, 2025 Order") the Court denied this motion because STT Cargo's manager received legal notice[37] of the trial date; and STT Cargo failed to

---

licensed to practice law in the Virgin Islands, initially signed and filed the February 13, 2020 complaint on behalf of [the juridical person plaintiff], a Virgin Islands limited liability company. In [the] complaint, [the project manager] sought to represent and affect the legal interest and rights of [a juridical person]. . . . Because the cause of action in this case was indubitably initiated by a complaint filed by an individual who is not a licensed attorney in good standing as a member of the Virgin Islands Bar Association, the case is a nullity subject to dismissal. More succinctly, when the Superior Court 'recognized that the petition sought to vindicate the rights of a corporation but had not been filed by a licensed Virgin Islands attorney, the Superior Court was obligated to treat the petition as a nullity, which would require dismissing the case.'" (quoting *Murphy Rigging*, 76 V.I. at 486, 488-90; and citing *Mitchell v. Mullgrav*, S. Ct. Civ. No. 2015-0038. 2015 WL 6736789, at *3 (V.I. Nov. 4, 2015) (unpublished); *Nevins*, 60 V.I. at 805; *Kelly v. St. Francis Med Ctr.*, 889 N.W.2d 613, 618-20 (Neb. 2017); *In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011); *In re Neil's Mazel, Inc.*, 492 B.R. 620, 629 (Bankr. E.D. N. Y 2013); *Frayler v. New York Stock Exch., Inc.*, 118 F. Supp. 2d 448, 449 n.2 (S.D.N.Y. 2000); *In re Drevlow*, 221 B.R. 767, 769 (B.A.P. 8th Cir. 1998))); *see Gore v. Tilden*, 50 V.I. 233, 238-39(V.I. 2008) (a non-lawyer "representative" of a **real** person who is party to a Small Claims Proceeding engages in unauthorized practice of law).

[36] Motion to Set Aside Default Judgment, August 25, 2025.

[37] *See generally* V.I. SM. CL. R. 4(b)(3)(A) ("If the defendant fails to appear on the return date, **after having been properly served**, judgment may be entered by default where the claim is for a liquidated amount, or the judgment may be entered upon *ex parte* proof where the claim is unliquidated." (emphasis added)); *Appleton v. Harrigan*, 61 V.I. 262, 270 (V.I. 2014) ("Here, the affidavit [of plaintiff] submitted in support of default judgment merely repeated the unsupported assertion that [defendants] owed him $44,950 in unpaid rent. This claim for unpaid rent in [plaintiff]'s affidavit did not qualify as a sum certain because '[t]he term 'sum certain' in this context contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due, as in actions on money judgments and negotiable instruments.' In other words, damages are a 'sum certain' only in 'actions where the damages sought can be determined without resort to extrinsic proof.' Because the damages claimed here could not be 'determined without resort to extrinsic proof,' as in 'actions on money judgments and negotiable instruments,' they were not a sum certain . . . ." (quoting *KPS & Assocs., Inc. v. Designs By FMC, Inc.*. 318 F.3d 1. 19 (1st Cir. 2003); *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1193 (Me. 1993); and citing *Reynolds Sec.*,

**2025 VI Super 40**

appear;[38] failed to have its attorney enter an appearance (or appear at the trial date), file a motion

seeking transfer, or defend;[39] and, further, failed to seek relief from judgment until after the

deadline to pay the judgment passed.[40]

¶12     STT Cargo filed a notice of appeal on September 9, 2025;[41] and this matter is before this

Court on that notice and the record in ST-2024-SM-00091.

## SUBJECT MATTER JURISDICTION

¶13     This Court is obligated to ensure that it has subject matter jurisdiction, as the parties to a

case cannot stipulate to the law;[42] and every Court has the obligation to ensure it is only acting

within its granted authority.[43]

¶14     When the Legislature uses legal terminology, it is presumed the Legislature understood

and intended to incorporate any existing meaning and presumptions because Legislatures are

---

*Inc. v. Underwriters Bank & Trust, Co.,* 378 N.E.2d 106, 109 (N.Y. 1978)); *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.,* 771 F.2d 5, 13 (1st Cir. 1985))); *Skepple,* 69 V.I. at 715 n.5 and 717-21; *Chaput,* 66 V.I. at 188.

[38] STT Cargo offers no explanation for its own failure to appear at the date and time specified in the summons. Even if a party is relying on counsel, this does not excuse a party's failure to comply with an order directing when to be in court. This fact weighs heavily against STT Cargo's protestations that it should have the opportunity to cross-examine Braga.

[39] *See generally* V.I. SM. CL. R. 2(c)(2); *Alexander,* 73 V.I. at 532 ("[B]ecause the Due Process Clause of the Fourteenth Amendment of the United States Constitution safeguards the right to appear through retained counsel in a judicial proceeding, it has long been the practice in the courts of the Virgin Islands to provide for a transfer to the Civil Division as of right whenever a defendant desires to be represented by counsel. The Virgin Islands Small Claims Rules, which went into effect on December 1, 2017, codify this long-standing practice . . . ." (citing V.I. SM. CL. R. 2 Reporter's Note (collecting cases); *Carr,* 432 F. Supp. 828).

[40] Order, August 28, 2025.

[41] V.I. E-FILING R. 5(d); *see also* V.I. E-FILING R. 5(c).

[42] *Davis v. People,* 78 V.I. 624, 638 (V.I. 2023) ("This Court has repeatedly cautioned that parties may not, through explicit agreement or implicitly by omission, stipulate to the law; and thus, the Superior Court possesses an obligation to apply the law correctly and not blindly follow the erroneous interpretations proffered by the parties." (internal quotations and alterations omitted) (citing *Simmonds v. People,* 59 V.I. 480, 493 (V.I. 2013); *Heywood,* 63 V.I. at 855; *Dennery,* 2013 WL 206128, at *2)).

[43] *Brunn v. Dowdye,* 59 V.I. 899, 904 (2013) ("Prior to considering the merits of a matter before it, a court is obligated to examine whether it has subject matter jurisdiction over the dispute. [If] the pertinent [statutory] provisions . . . are jurisdictional, the Superior Court correctly questioned whether the statute's requirements were satisfied." (citing *V.I. Gov't Hosp. & Health Facilities Corp. v. Gov't of the V.I.,* 50 V.I. 276, 279 (V.I. 2008))).

presumed to know the law as it exists and legislate with that knowledge in mind.[44] Section 76 of title 4 of the Virgin Islands Code provides that the Superior Court is a court of "general jurisdiction."[45] Courts of general jurisdiction are presumed to have subject matter jurisdiction over any matter before them.[46] However, section 111 of title 4 of the Virgin Islands Code[47] creates a Small Claims Division of the Superior Court that may only consider uncomplicated civil cases with an amount in controversy of $10,000 or less.[48] This grant of subject matter jurisdiction contrasts with section 76 and is specific and limited. Courts of limited, *i.e.*, specific, jurisdiction

---

[44] *E.g., Alexander*, 73 V.I. at 535 (Plaintiff "was not required to preemptively plead in [the] initial complaint any facts in anticipation of the defendants asserting non-compliance with the VITCA. [I]t is well-established that a court of general jurisdiction is presumed to possess subject-matter jurisdiction . . . ." (citation omitted)); *see Greer v. People*, 74 V.I. 556, 583 (2021) ("[A] codification of a common law crime is presumed to incorporate the substance of the common law." (citing *Wallace v. People*, 71 V.I. 704, 763 (V.I. 2019) (Swan, J., concurring); *United States v. Wells*, 519 U.S. 482, 491 (1997); *United States v. United States Gypsum Co.*, 438 U.S. 422, 436 (1978); *Morisette v. United States*, 342 U.S. 246, 251-52 (1952); *Baumann v. Pub. Emps. Relations Bd.*, 68 V.I. 304, 339 (V.I. Super. 2018); *State v. Pike*, 49 N.H. 399, 406 (N.H. 1870); *Mayo v. Wilson*, 1 N.H 53, 55 (N.H. 1817); *Thurber v. Blackbourne*, 1 N.H. 242, 245 (N.H 1818))); *Richards v. Pub. Emps. Rels. Bd.*, 2024 VI 37, ¶ 23 ("When enacting a statute, the Legislature is presumed to know the existing state of the law." (alterations and internal quotations omitted) (citing *People v. Looby*, 68 V.I. 683, 696 (V.I. 2018); *Cascen v. People*, 60 V.I. 392, 404 (V.I. 2014))); *Brooks*, 58 V.I. at 428; *Henderson v. Shinseki*, 562 U.S. 428,435 (2011))); *Cascen*, 60 V.I. at 404-05 (observing that the Legislature "is presumed to know the common law [in existence] before ... [a] statute was enacted" and that because it is also presumed that "statutes are consistent with the common law," courts will "not presume that the Legislature intends to abrogate or modify a common law rule except to the extent expressly declared or clearly indicated" in a statute (alterations in original) (citations omitted)); *Davis v. People*, S. Ct. Crim. No. 2015-0061, 2015 WL 9255384, at *3 (V.I. Dec. 16, 2015) (unpublished) (legislatures are presumed to know long-standing procedures and practices); *Evans-Freke*, 75 V.I.at 445 ("Lastly, regarding consideration of context, legislatures are presumed to know the common law of the United States and to have incorporated it in all its relevant aspects into any statutory codification of the common law." (citing *Greer*, 74 V.I. at 582 nn.26-27; *United States v. Arredondo*, 31 U.S. (6 Pet.) 691, 743 (1832))); *Baumann*, 68 V.I. at 339 (observing that it is "presumed that the Legislature enacts statutes with knowledge of the common law and court decisions" addressing a subject (citations omitted)).

[45] *Evans-Freke*, 75 V.I. at 450-51 (Swan, J., concurring) ("[W]hen the Legislature chose to divest the District Court of subject matter jurisdiction over matters arising under Virgin Islands law, the Superior Court became the only trial court of record with general civil jurisdiction (including Divorce Jurisdiction), and all the common law presumptions and burdens became applicable."); *see* 4 V.I.C. §§ 76(a); 2(a)

[46] *Alexander*, 73 V.I. at 535.

[47] 4 V.I.C. § 111.

[48] 4 V.I.C. § 111 (Small Claims Proceedings are "informal and summary as is consistent with justice."); 4 V.I.C. § 112(a) ("The small claims division of the Superior Court has jurisdiction of all civil actions, concurrently with the civil division of the said court, wherein the amount in controversy does not exceed the sum or value of $10,000, exclusive of interest and costs.").

**2025 VI Super 40**

are presumptively without jurisdiction;[49] and the facts establishing jurisdiction must be found in accordance with the applicable evidentiary standard.[50]

¶15 Because the Small Claims Division operates under a grant of limited subject matter jurisdiction, all Small Claims Cases must have an amount in controversy of $10,000 or less (which can be met by affirmatively waiving damages more than $10,000)[51] and be a matter of simple factual resolution not requiring the usual civil pretrial discovery.[52]

¶16 It is legally significant that "[t]he Clerk of Court may issue a form and instructions that, if completed, will satisfy the requirements of [V.I. SM. CL. 2(a)]."[53] Rule 2(a) requires a Small Claims Complaint to be signed by a plaintiff, state the case simply, contain a statement affirmatively electing to file in the "Small Claims Division," and also contain either a certification that the amount of damages are below the monetary limit on the Small Claim's Court's subject matter jurisdiction or an affirmative statement waiving any damages in excess of the Small Claim's Court's monetary limit on its subject matter jurisdiction.[54] By using the Small Claims Complaint provided by the Court, a plaintiff enjoys a presumption of compliance with Rule 2(a)(1).[55]

---

[49] *Willis v. People*, 71 V.I. 789, 819 (V.I. 2019) (Swan, J., concurring) ("Courts of limited or specific jurisdiction do not benefit from a presumption of jurisdiction, and proof of jurisdiction of both the subject matter and the person must appear in the record. In fact, absent record evidence establishing such, these courts are presumed to lack both subject matter and personal jurisdiction." (citing and quoting parenthetically *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (citing *Turner v. Bank of N.A.*, 4 U.S (4 Dall.) 8, 11 (1799); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936))).

[50] In civil matters, this is generally a preponderance of the evidence; but other standards may apply. 5 V.I.C. § 740(5); *cf. Wilkinson v. Wilkinson*, 70 V.I. 901 (V.I. 2019) (Holding that the "on all proper occasions" in 5 V.I.C. § 740(5) leaves some discretion for courts to decide which cases are properly considered under the preponderance of evidence standard.).

[51] 4 V.I.C. § 112(a).

[52] 4 V.I.C. § 111.

[53] V.I. SM. CL. R. 2(a)(3).

[54] V.I. SM. CL. R. 2(a)(1).

[55] V.I. SM. CL. R. 2(a)(3); *see generally Inniss v. Inniss*, 65 V.I. 270, 278 n.5 (V.I. 2016) ("[A] presumption, is 'a legal inference or assumption that a fact exists, based on the known or proven existence of some other fact or group

2025 VI Super 40

Appellant has not raised a lack of compliance with this rule. While Braga has also not challenged subject matter jurisdiction on appeal, the Parties cannot stipulate to the law, which includes a prohibition on stipulating to subject matter jurisdiction.[56] Therefore, the Court considers whether the Magistrate Division possessed Small Claims Subject Matter Jurisdiction over this matter.[57]

¶17 Notably, Braga used the Small Claims Complaint form and is entitled to the presumption that comes from that choice. Nothing about the Small Claims Complaint filed by Braga is facially deficient. Therefore, without either an obvious facial deficiency or a challenge from Appellee,[58]

---

of facts. A presumption shifts the burden of production or persuasion to the opposing party, who can then attempt to overcome the presumption.'" (quoting BLACK'S L. DICT., at 1304); *Bertrand*, 57 V.I. 596, 625 (V.I. 2012) (holding that "prima facie evidence" creates a presumption).

[56] *Davis*, 78 V.I. at 638 (citing *Simmonds*, 59 V.I. at 493; *Heywood*, 63 V.I. at 855; *Dennery*, 2013 WL 206128, at *2).

[57] *Id.* at 639 ("[T]his Court has repeatedly held that the Superior Court not only possesses the discretion, but is required, to consider the issue of subject matter jurisdiction *sua sponte*, even if not raised by either party." (citing, *Brunn*, 59 V.I. at 905)); *Willis*, 71 V.I. at 809 ("[A]n appellate court . . . must be satisfied of . . . the trial court's . . . subject matter jurisdiction before it considers the merits of an appeal." (citing *People v. Rios*, S. Ct. Crim. No. 2007-0112, 2008 WL 5605714, at *1 (V.I. Nov. 14, 2008) (unpublished); *Gov't of the V.I. ex rel. Larsen v. Ruiz*, 145 F. Supp. 2d 681, 689 (D.V.I. App. Div. 2000))).

[58] *Cf. Willis*, 71 V.I. at 818 ("[T]here are certain presumptions that apply with regards to challenges to the trial court's jurisdiction. Courts of general jurisdiction are presumed to have jurisdiction over both the cause of action and the parties, which by extension includes a presumption that process was served correctly. **This presumption is dispositive absent contradiction in the record or contradiction by extrinsic evidence.**" (emphasis added) (citing *Milliken v. Meyer*, 311 U.S. 457, 462 (1940); *Hanley v. Donoghue*, 116 U.S. 1, 5 (1885); *Cooper v. Reynolds*, 77 U.S. (10 Wall.) 308, 316 (1870))). While the presumption discussed in the cases cited in *Willis* relate to the presumption that process was properly served, the Court can discern no coherent rationale that would dictate that the presumption contained in Virgin Islands Small Claims Rule 2(a)(3) should operate differently. *See Bryan*, 61 V.I. at 442 ("Presumptions are precisely that—presumptions, *i.e.* procedural devices to force the party against whom the presumption operates to come forward with rebuttal evidence." (quoting *Rivera–Moreno v. Gov't of the V.I.*, 61 V.I. 279, 316 (V.I. 2014) (internal quotations and alterations omitted)). Nothing in the Revisor's notes to this rule indicate the Supreme Court intended Rule 2(a)(3)'s presumption to operate any differently than presumptions generally operate. *See generally Greer*, 74 V.I. at 580 and n.22 (discussing how to determine the Plain Meaning of a statute and defining the Dictionary Definition Rule of statutory construction (citing *Ubiles*, 66 V.I. at 590; *Wallace*, 71 V.I. at 763)); *Inniss*, 65 V.I. at 278 n.5 (defining and explaining how a presumption operates); *Littoral Woodland, LLC v. Henry*, 2025 VI SUPER 13, ¶¶62-66 and n.167 (discussing principals of statutory construction and interpretation and the Dictionary Definition Rule); *Newrez LLC v. Estate of Green*, 2025 VI SUPER 30U, ¶¶16-19 (rules of statutory construction generally applicable, but the interpretation of court rules is controlled by the purpose and history of adoption); *Captain's Command at Bluebeard's Beach Club Interval Ownership Condo. Assoc., Inc. v. D'Andrade*, 2025 VI SUPER 31U, ¶¶13-15 (same); *Caribbean Off the Grid Plaza, Inc. v. Hoolink, LLC*, 2025 VI SUPER 28U, ¶10 (same); *Captain's Command at Bluebeard's Beach Club Interval Ownership Condo. Assoc. v. Bonner*, 2025 VI SUPER 19U, ¶¶13-15 (same); *e.g., Alexander*, 73 V.I. at 532 (interpreting Small Claims Rule 2 according to history and purpose (citing V.I. SM. CL. R. 2 Reporter's Note (collecting cases); *Carr*, 432 F. Supp. 828)).

**2025 VI Super 40**

the presumption is not rebutted.[59] This Court possesses (and the Magistrate Division had) subject matter jurisdiction to hear this Small Claims Appeal.

## TIMELINESS

¶18    The Appellate Division must also consider whether an appeal from the Magistrate Division is timely under Superior Court Rule 322.[60] "Although [the Court] recognize[s] that Rule [322] is a claims-processing rule—and that [the Court] could exercise our discretion to hear [an] untimely appeal—relaxing the requirements of Rule [322] under normal circumstances would 'severely undermine and weaken' the rule's purpose and diminish 'society's legitimate interest in the finality of a judgment that has been perfected by the expiration of the time allowed for direct review.' For these reasons, appellate courts will relax the time to appeal only in rare cases, such as where a trial court erroneously informs a party that a post judgment motion will toll the time to appeal, or where deciding the late appeal on the merits will promote judicial economy."[61] Furthermore, the Court commits error if it fails to follow duly promulgated rules;[62] and the Parties cannot stipulate to the

---

[59] The judgment does not exceed the jurisdictional limit, and Braga waived any excess damages. 4 V.I.C. § 112(a); V.I. SM. CL. R. 2(a)(1)(C). Therefore, even if Appellant had challenged the presumption, the facts in the record establish Small Claims Subject Matter Jurisdiction.

[60] Because Rule 322 does not require an opposing brief and the Court has not issued a briefing schedule, Braga could not have waived this argument by a failure to timely assert it. V.I. SUPER. CT. R. 322(b)(5) ("party to the Magistrate Division proceeding may, but is not required, to file a response"); *see Ryans Rest.*, 949 F. Supp. at 383 ("Since there is no requirement in the Small Claims Division under Terr. Ct. R. 62 to submit an answer or other responsive filing that may indicate the existence of a meritorious defense, the preference for resolving controversies on the merits rather than by default is even stronger.").

[61] *Peters v. People*, 60 V.I. 479, 484–85 (V.I. 2014) (quoting *Chavez v. U–Haul Co. of N.M., Inc.*, 947 P.2d 122, 127 (N.M.1997); *United States v. Frady*, 456 U.S. 152, 164 (1982); and citing *Gov't of the V.I. v. Crooke*, 54 V.I. 237, 254 (V.I.2010); *United States v. Mitchell*, 518 F.3d 740, 750 (10th Cir.2008); *Long v. Atlantic City Police Dep't*, 670 F.3d 436, 445 n.18 (3d Cir.2012); *Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 197 (3d Cir.2008); *Ramos v. Comm'r of Corr.*, 727 A.2d 213, 217 (Conn.1999)).

[62] *Dennery*, 2013 WL 206128, at *2.

**2025 VI Super 40**

law.[63] Therefore, the best practice for the Appellate Division is to consider whether an appellant

has timely commenced their appeal.

¶19    An appeal from the Magistrate Division is commenced "by filing a notice of appeal with

the Clerk of the Superior Court within fourteen (14) days of entry of the judgment or order form

which appeal is sought."[64] On August 28, 2025, the Court denied STT Cargo's motion; and STT

Cargo filed a notice of appeal on September 9, 2025.    Timeliness of this notice of appeal is

governed by Virgin Islands Rule of Civil Procedure 6.[65] Excluding the day the August 28, 2025

Order was entered,[66] September 9, 2025, was the fourteenth day; and the appeal was timely.

## ISSUES AND STANDARDS OF REVIEW

¶20    "[T]he Appellate Division is cautioned to look at the factual substance of the testimony of

Small Claims parties, who are legally required to appear *pro se*,[67] and consider legal theories that

might be implicated in determining [what] issue [is] presented . . . ."[68]  " When deciding an appeal

of a Small Claims matter, this Court must remain mindful that the trial court 'is directed to do

substantial justice by the parties in a Small Claims [P]roceeding.'"[69] "'[T]he rational behind [this]

less stringent standards is to keep the Small Claims Court accessible to unsophisticated litigants

seeking expeditious and inexpensive justice.'"[70] In general, "[t]he standard of review for this

---

[63] *Davis*, 78 V.I. at 638 (citing *Simmonds*, 59 V.I. at 493; *Heywood*, 63 V.I. at 855; *Dennery*, 2013 WL 206128, at *2).
[64] V.I. SUPER. CT. R. 322(b)(1).
[65] V.I. SM. CL. R. 1(f).
[66] V.I.R. CIV. P. 6(a)(1)(A).
[67] 4 V.I.C. § 112(d).
[68] *Penn*, 67 V.I. at 897 (citation omitted).
[69] *Id.* at 892 (citing *Cape Air. Int'l*, 53 V.I.at 612).
[70] *Irizarry v. Carpenter*, 274 F. Supp. 2d 729, 731 (D.V.I. App. Div. 2003) (quoting *Ryans Rest.*, 949 F. Supp. at 383); *Cannonier v. Gilbert*, 72 V.I. 1155, 1161 (D.V.I. App. Div. 2020) ("Small claims actions are summary proceedings with relaxed procedural and evidentiary rules that are designed to move cases efficiently to conclusion." (citing *Fuertes v. Martin*, 2002 U.S. Dist. LEXIS 17097, 2002 WL 31628425 (D.V.I. App. Div. Sept. 4, 2002) (unpublished)))); *St. Croix Marine*, 41 V.I.at, 5 ("The purpose behind the enactment of the Small Claims Statute was

2025 VI Super 40

Court's examination of the trial court's application of the law is plenary, and its findings of fact are reviewed for clear error."[71]

¶21   For the first issue,[72] STT Cargo argues that the trial court committed error when it found that the August 25, 2026 motion was untimely because, pursuant to Virgin Islands Small Claims Rule 6(b), the motion was filed on the sixtieth day after entry of Default Judgment.  As there is no challenge to the procedural facts that determine this issue, this is purely an issue of law subject to plenary, *i.e.*, *de novo*, review.[73]

¶22   STT Cargo presents three other issues that make more sense (and present a more effective argument) when read and analyzed as a single issue rather than as three standalone arguments.

to permit individuals with small claims access to the courts in a simple inexpensive manner and without the need to retain counsel." (citing 4 V.I.C. 111; *Schroeder*, 13 V.I. at 248)).

[71] *Penn*, 67 V.I. at 892 (citing *Rodriguez v. Bureau of Corr.*, 58 V.I. 367, 371 (V.I. 2013), *overruled in part on other grounds by Mosby v. Mullgrav*, 65 V.I. 261, 268 (V.I. 2016); *Blyden v. People*, 53 V.I. 637, 646 (V.I. 2010)).  It should be noted that Virgin Islands Superior Court Rule 322 does not prescribe standards of review, unlike Virgin Islands Rule of Civil Procedure 91, which governs writs of review.  *Compare* V.I. SUPER CT. R. 322, *with* V.I.R. CIV. P. 91(i); *e.g.*, *Littoral Woodland*, 2025 VI SUPER 13, ¶ 53.  The Court must apply the common law standards of review to this matter, while standards of review for writs of review are governed by statute or rule.  *Compare Penn*, 67 V.I. at 892 (applying common law standards of review to a Small Claims appeal), *with Littoral Woodland*, 2025 VI SUPER 13, ¶ 53("No provision of the CZM Act or the writ of review provisions in Title 5 of the Virgin Islands Code prescribe a standard of review.  Therefore, Virgin Islands Rule of Civil Procedure 91(i) governs.").

[72] The Court considers the issues out of the order presented, as the issue of whether the motion was timely under the Virgin Islands Small Claims Rules, if decided against Appellant, would eliminate the need for consideration of the other issues.  *See generally, e.g.*, *Bertrand*, 57 V.I. at 608 ("Notwithstanding the Superior Court's numbering, we proceed by first addressing Questions # 4, # 1, and # 3, since it would be inappropriate for this Court to resolve Question # 2 if the Superior Court lacked authority to set aside its April 6, 2010 Order or applied the incorrect legal standard.").

[73] *Peters*, 60 V.I. at 482 ("This Court . . . reviews the Superior Court's interpretation of a court rule *de novo*." (citing *Mustafa v. Camacho*, S. Ct. Civ. No.2013-0049, 2013 WL 4759070, at *2 (V.I. Sept. 4, 2013) (unpublished))); *Fuller v. Browne*, 59 V.I. 948, 953 (V.I. 2013) ("This Court exercises plenary review over questions of law, including whether the Superior Court has properly applied or interpreted Superior Court Rule 322 and other court rules." (citing *Dennery*, 2013 WL 206128, at *2)); *Browne v. Gore*, 57 V.I. 445, 449-50 (V.I. 2012) (reviewing the interpretation and application Superior Court rule *de novo*); *White v. Spenceley Realty, LLC*, 53 V.I. 666, 678-79 (V.I. 2010) ("[N]otwithstanding a latent ambiguity, 'if the court finds that a contract is ambiguous *and* that the extrinsic evidence is undisputed, then the interpretation of the contract remains a question of law for the court to decide' at the summary judgment stage." (emphasis added) (citing *In re Columbia Gas System, Inc.*, 50 F.3d 233, 241 (3d Cir.1995))); *Pedro v. Ranger Am. of the V.I., Inc.*, 63 V.I. 511, 525 (V.I. 2015) (Gomez, D.J., concurring in part) ("The certified docket and the parties' motions contained therein are not, and cannot reasonably be, controverted.").

**2025 VI Super 40**

STT Cargo argues that there is a strong preference for the determination of litigation on the merits in this Territory; that STT Cargo has a meritorious defense, arguing that Braga's valuation of her personal property was not properly supported by documentary evidence; and that its failure to act was due to its counsel's error. These three points stand for the argument that, in the interests of justice,[74] there is Good Cause/Excusable Neglect[75] for the Default Judgment to be set aside and a new Small Claims Trial ordered on damages. The Court now must consider whether the trial court abused its discretion[76] when it failed to grant the motion for a new trial.[77]

---

[74] *See generally, compare* 4 V.I.C. § 111; V.I. SM. CL. R. 1(d) ("These rules shall be construed to implement the simple, speedy, and inexpensive trial of actions in the Small Claims Division, in in such manner as to do substantial justice between the parties . . . ."); V.I. SM. CL. R. 2(f) ("All pleadings shall be construed to do substantial justice."); V.I. SM. CL. R. 4(b)(5) ("The court shall conduct the trial in such manner as to do substantial justice between the parties . . . ."); *with Montgomery,* 71 V.I. at 1127 ("The **determination** [of Good Cause/Excusable Neglect] 'is at **bottom an equitable one** where the court should take into account all relevant circumstances surrounding [the] omission . . . ." (emphasis added) (quoting *Brown v. People,* 49 V.I. 378, 383 (V.I. 2008))).

[75] *See generally Hodge v. Allenbaugh,* 2025 VI 21, ¶¶ 11-12 (equating Good Cause/Excusable Neglect/Due Diligence when determining whether to allow an untimely *pro se* motion for attorney's fees); *Metivier v. Lockheed Martin Corp.,* 77 V.I. 602, 612 (V.I. 2023) (citing V.I. R. Civ. P. 6(b)(1); *Fuller,* 59 V.I. 948; *Beachside Assocs.,* 53 V.I. 700; *Brown,* 49 V.I. 378); *Ranger Am. of the Virgin Islands, Inc. v. Pedro,* 2025 VI 20 (quoting *Montgomery,* 71 V.I. at 1127; and citing *Beachside Assocs.,* 53 V.I. at 713; *Brown,* 49 V.I. at 383; *Fuller,* 59 V.I. at 954); *Montgomery,* 71 V.I. at 1127 (quoting *Brown,* 49 V.I. at 383); *Fuller,* 59 V.I. at 954 (citing *Beachside Assocs.,* 53 V.I. at 713; *Brown,* 49 V.I. at 383).

[76] *Spencer v. Navarro,* No. 2007-69, 2009 WL 1078144, at *2 (V.I. Apr. 8, 2009) (*per curiam*) (unpublished) ("We review a trial court's decision denying relief from the default judgment [in a Small Claims Proceeding] for an abuse of discretion." (citing *Harad v. Aetna Cas. and Sur. Co.,* 839 F.2d 979, 981 (3d Cir.1988); *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194-95 (3d Cir.1984); *Ryans Rest,* 949 F. Supp. at 382)); *Ryans Rest.,* 949 F. Supp. at 382 (In a Small Claims Appeal considering former Superior Court Rule 64, the Appellate Division held that, "[i]n reviewing whether the [Superior] Court erred in failing to vacate the default judgment against [appellant], we utilize an abuse of discretion standard." (citing *Skinner v. Guess,* 27 V.I. 193, 197 (D.V.I. App. Div. 1992))); *see Skepple,* 69 V.I. at 715 ("We review the Superior Court's ruling on a motion to grant relief from a judgment for an abuse of discretion." (quoting *Appleton,* 61 V.I. at 268; and citing *Gould v. Salem,* 59 V.I. 813, 817 (V.I. 2013); *Ernest v. Morris,* 64 V.I. 627, 636 (V.I. 2016); *Beachside Assocs.,* 53 V.I. at 711; *Martinez v. Colombian Emeralds, Inc.,* 51 V.I. 174, 188 (V.I. 2009); *Spencer,* 2009 WL 1078144, at *2)).

[77] In the absence of argument addressing the validity of a judgment and facts supporting such argument (or such facts appearing facially in the record), the Default Judgement is not subject to the void judgment analysis established in *Skepple* and its progeny. *See generally Skepple.,* 69 V.I. at 732 ("If the trial court never obtained personal jurisdiction over Skepple, any default judgment is void and must be set aside as a matter of law; said differently, the trial court lacks discretion to decline to set aside a judgment that is void." (citing *Ernest,* 64 V.I. at 638-39)); *Gore,* 50 V.I. at 239 ("Unquestionably, 'a judgment may be set aside on voidness grounds . . . for a violation of the due process clause of the Fifth Amendment.'" (quoting *In re Center Wholesale, Inc.,* 759 F.2d 1440, 1448 (9th Cir.1985); and citing *Winhoven v. United States,* 201 F.2d 174, 175 (9th Cir.1952))). Rather, it is subject to appellate review of the trial court's Good Cause/Excusable Neglect analysis pursuant to Virgin Islands Small Claims Rule 6(b).

2025 VI Super 40

## ANALYSIS

¶23    Issues in a Small Claims Appeal from the Magistrate Division are reviewed subject to the

consideration that the Small Claim's Division is directed to do substantial justice.[78] To that end,

the rules of evidence are relaxed;[79] and attorneys are prohibited from appearing in Small Claims

Proceedings.[80] Therefore, the goal of Small Claims Proceedings must infuse consideration of all

issues in Small Claims Appeals, including issues of law, such as the proper interpretation of a court

rule.[81] The Court keeps this command in mind as it considers Appellant's arguments.

**I.    The Motion for a New Small Claims Trial was Timely Filed on the Sixtieth Day After Entry of Default Judgment Pursuant to Virgin Islands Small Claims Rule 6(b).**

¶24    A party to a Small Claims Proceeding may move to set aside a Default Judgment within

60 days of entry of the judgment.[82] The motion (signed by the President of STT Cargo) was filed[83]

---

[78] 4 V.I.C. § 111; V.I. SM. CL. R. 1(d); V.I. SUPER CT. R. 1 (The Superior Court Rules, including Rule 322 governing, *inter alia*, Small Claims Appeals, "shall be liberally construed to secure simplicity and uniformity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."); *Penn*, 67 V.I. at 897 n.5.

[79] 4 V.I.C. § 111; V.I. SM. CL. R. 4(b)(5) ("The court . . . shall not be bound by statutes or rules governing practice, procedure, pleadings, or evidence, except those statues and rules relating to privileged communicating and the swearing of parties and witnesses.").

[80] 4 V.I.C. § 112(d) ("Neither party may be represented by counsel . . . ."); BLACK'S L. DICT., at 1328 (defining "representation" as "The act or instance of standing for or acting on behalf of another, esp. by a lawyer on behalf of a client."). The Legislature's choice to use of a variation of "representation" without restricting its use with limiting phrases (*e.g.*, "at trial" or "during trial") plainly extends the prohibition on representation by counsel to all stages of a Small Claims Proceeding. *See generally Greer*, 74 V.I. at 580 and n.22 (discussing how to determine the plain meaning of a statute and defining the Dictionary Definition Rule of statutory construction (citing *Ubiles*, 66 V.I. at 590; *Wallace*, 71 V.I. at 763)); *Littoral Woodland*, 2025 VI SUPER 13, ¶¶62-66 and n.167 (discussing principles of statutory construction and interpretation and the Dictionary Definition Rule).

[81] *See generally Newrez*, 2025 VI SUPER 30U, ¶¶16-19; *D'Andrade*, 2025 VI SUPER 31U, ¶¶13-15 (same); *Caribbean Off the Grid Plaza, Inc.*, 2025 VI SUPER 28U, ¶10 (same); *Bonner*, 2025 VI SUPER 19U, ¶¶13-15 (same); *e.g., Metivier*, 77 V.I. at 609-10 (citing *In re V.I. Bar Ass'n*, 75 V.I. 393, 399-400 (V.I. 2021); *Mills-Williams*, 67 V.I. at 585; *Corraspe v. People*, 53 V.I. 470, 482 (V.I. 2010); *Hansen v. Bryan*, 68 V.I. 603, 609 n.3 (V.I. 2018)).

[82] V.I. SM. CL. R. 6(b).

[83] The Court notes that Virgin Islands Small Claims Rules leave a gap that, while not material to this appeal, will be an issue in need of resolution when different facts are before the Court. "[T]he statutes or rules governing practice, procedure, pleadings, or evidence" ("except those statutes and rules related to privileged communications and the swearing of parties and witnesses") do not apply in Small Claims Proceedings. V.I. SM. CL R. (4)(b)(5). The Supreme Court's choice to expressly incorporate only certain rules of procedure while rejecting other rules of procedure in the practice and procedure in the Small Claims Division means that only those rules expressly made applicable by the

2025 VI Super 40

on the sixtieth day[84] "after entry of a default judgment."[85]  As such, STT Cargo's motion for relief

from the Default Judgment was timely.  To the extent the language of the August 28, 2025 Order

denying STT Cargo's motion could be understood as denying it based on the motion being

untimely, the trial court erred as a matter of law.[86]

---

Small Claims Rules apply. *Metivier*, 77 V.I. at 609–10. This means the Virgin Islands E-filing Rules, being rules of procedure, do not apply. However, the Virgin Islands Small Claims Rule only state when a judgment is entered. V.I. SM. CL. R. 5(a) (Magistrate Division may order "entry" of judgment); V.I. SM. CL. R. 6(b) (party may move to set aside default judgment within 60 days of "entry" of the judgment); *Henry*, 71 V.I. at 1177 ("'Entry' is 'the placement of something on the record.' BLACK'S LAW DICTIONARY 574 (8th ed. 2004); *id.* at 572 (defining "enter" as "to put formally before the court or on the record <the defendant entered a plea of no contest>.")"); *Greer*, 74 V.I. at 580 and n.22 (Dictionary Definition Rule requiring the application of any specific accumulated legal meaning); *Littoral Woodland*, 2025 VI SUPER 13, ¶¶62-66 and n.167. By contrast, the Supreme Court has also declared that a Small Claims Case is "commenced" when the Small Claims Complaint is "filed" with the Clerk of the Court. V.I. SM. CL. R. 2(a); BLACK'S L. DICT., at 660 (defining "file" as a verb meaning "To deliver a legal document to the court clerk, or record custodian for placement into the official record <Tuesday is the deadline for filing a reply brief>. –Also termed . . . lodge."). This rule makes clear that a Small Claims Proceeding begins upon a plaintiff formally handing the Small Claims Complaint to the Clerk for entry on the docket. For comparison, the Virgin Islands Electronic Filing Rules, expressly made inapplicable to all proceeding in the Small Claims Division, provide that, upon the Clerk's approval of a filing, "the document shall be considered filed with the court on the date of the original submission to the electronic filing system was complete." V.I. E-FILE R. 5(d). Yet, no rule states when a motion in a Small Claims Proceeding is formally "entered" upon the docket. In this matter, the physical date stamp on STT Cargo's motion was the same day the motion was electronically docketed, obviating any need for the Court to resolve this issue of law. However, it is perfectly foreseeable that a future appellant will file their motion at one minute to 5:00 p.m. on the 60th day, a situation in which it would be reasonable to have a physical date stamp on the last day for filing but a formal entry on the electronic docket on the 61st day. *Cf., e.g., Henry*, 71 V.I. at 1177 n. 11(quoting parenthetically *Kansas Packing Co. v. Lavilla*, 39 V.I. 71, 74 (V.I. Super. Ct. 1998) ("In the matter *sub judice,* the Court Order, while signed on Monday, December 8, 1997, was not entered by the Clerk of the Court until Tuesday, December 9, 1997. Therefore, the 14-days time period prescribed by Fed. R. Civ. P. 54(d)(2)(B) began to run the following day, Wednesday, December 10, 1997.")). Certainly, the addition of language to Rule 6(b) to the effect, "the motion shall be considered entered on the docket on the date of the original submission to Clerk," would prevent any future need for judicial resolution of any argument that such a motion was untimely—an argument that will unquestionably be made by a savvy (or even not so savvy) lawyer. Thankfully, the present facts do not fall within this gap; and the Court need not address this issue.

[84] This Court both counted on a physical calendar and verified at https://www.timeanddate.com/date/duration.html.

[85] V.I. SM. CL. R. 6(b). This rule makes clear that the time for filing runs from the "entry" of the Default Judgment on the docket, not the oral announcement of the Default Judgment.

[86] There are statements that could be understood as finding the motion to be untimely under the Virgin Islands Small Claims Rules, particularly because the trial court did not cite any of the Virgin Islands Small Claims Rules in its order. Of note, the trial court admonished that "more than a month after the June 24, 2025, Judgment was entered; Judgment which was duly served on the Defendant June 26, 2025, . . . still nothing was filed by Defendant . . . . It was only after Plaintiff filed a Writ of Execution on July 25, 2025, that the Defendant made any filing whatsoever." The Court further admonished that it would not "unfairly prejudice the Plaintiff in this matter . . . ."

**2025 VI Super 40**

¶25 However, the trial court further concluded that, "[o]n May 23, the Manager of St. Thomas Shipping and Cargo was duly served. Said service put the Defendant on alert that a Court Hearing was to be held June 24, 2025. The Defendant did not enter a single filing before the date of trial. [T]his Court was never put on notice that the Defendant had retained counsel to begin with. Attorney Eckard did not enter his appearance until August 6, 2025 . . . ." "On June 24, 2025, Plaintiff was sworn to testify. As a result, the Defendant waived their right to Counsel and their right to Transfer by filing nothing before this point." These statements present an alternative rationale for the denial of the motion for relief from Default Judgment much more akin to a finding that the interests of justice do not warrant vacating the Default Judgment due to a failure to establish "Good Cause."[87] Although the Magistrate Division arguably erred based upon an

---

[87] Notably, the Virgin Islands Supreme Court has declared that "Good Cause" and "Excusable Neglect" are essentially synonyms. *Montgomery*, 71 V.I. at 1127 (quoting *Beachside Assocs.*, 53 V.I. at 713). This is functionally true; although, conceptually, they are different approaches. Excusable Neglect is an analysis focusing on excusing a failure to act in a timely manner after the deadline has expired. *E.g.*, *Greene v. Virgin Islands WAPA*, 67 V.I. 727, 736–37 (V.I. 2017) ("Under that rule, when an act must be done by a specified deadline and a party moves for an extension of that deadline **after the deadline passes**, the party must demonstrate that their failure to request such an extension before the expiration of that deadline was the product of excusable neglect." (citation omitted) (emphasis added)). Good Cause is an analysis that focuses on whether the reasons offered before a deadline expiring (or before some other action) justify granting the relief requested. *E.g.*, *Irizarry*, 274 F. Supp. 2d at 729–30, 731 ("[A]ppellant . . . did not receive notice of the underlying action until May 7, 2002, when [they were] informed that the matter had been set for trial on May 14, 2002. Due to [their] employment obligations, [movant] was scheduled to be off island on a business trip from May 9 through May 14. Thus, upon receiving notice of the impending trial date, appellant promptly filed on May 9 a motion for a continuance of the trial wherein [they] informed the trial court of [the] situation. The trial court, however, never ruled on this motion and proceeded with the trial on May 14. When [defendant] failed to appear for [the Small Claims] trial, the trial court entered a default judgment in favor of appellee in the amount of $5,000.00 plus $40 in court costs. Upon learning of the default judgment on [their] return to St. Thomas, [defendant] moved the trial court to reconsider its decision. As it did with appellant's motion for a continuance, the trial court never ruled on appellant's motion for reconsideration. We now vacate the trial court's default judgment . . . . . . . Here, [defendant] had informed the trial court of [the] situation before the trial date and properly requested a continuance."); *Divine Destinations, LLC v. Shortz*, No. ST-13-SM-207, 2013 WL 11248727, at *1 (V.I. Super. Apr. 16, 2013) (unpublished). While there is very significant conceptual overlap with these two legal principles, the two analyses are not always universally interchangeable due to the fact differences that give rise to the application of each standard. Virgin Islands Small Claims Rule 6(b) is stated in terms of Good Cause, but the factual basis for STT Cargo's motion is Excusable Neglect—explaining its failure to timely answer or otherwise defend this Case after the trial date passed.

2025 VI Super 40

incorrect calculation of the deadline for filing, as an alternative basis of affirmance, the Court will

consider the remaining issue presented by STT Cargo.

### II. Appellant has failed to Demonstrate "Good Cause" for its Failure to Appear on the Small Claims Trial Date or Otherwise Defend Against that Action, and the Trial Court did Not Abuse its Discretion When it Denied the Motion to Vacate the Default Small Claims Judgment.

¶26 Appellant is correct that the Virgin Islands has established an extremely strong preference

for cases to be decided on the merits.[88] However, "'[t]he power of the court to prevent undue

delays and to achieve the orderly disposition of cases must be weighed **against** the policy of law

which favors disposition of litigation on its merits.'"[89] Similarly, absent issues of Due Process

---

[88] *See generally Powell v. FAM Protective Servs., Inc.*, 72 V.I. 1029, 1043 (V.I. 2020) ("[P]arties should be afforded liberal freedom to amend, to satisfy this Court's **'strong preference** for trial courts to decide doubtful cases **on their merits** *rather* than dismiss** them for a **failure to strictly follow purely procedural rules.**'"(emphasis added) (quoting *Joseph*, 54 V.I. at 650; *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981))); *Virgin Islands Taxi Ass'n v. Virgin Islands Port Auth.*, 67 V.I. 643, 693 (V.I. 2017) ("consistent with 'our longstanding instruction 'that the preference is to decide cases on their merits'" (quoting *Sarauw v. Fawkes*, 66 V.I. 253, at 265(V.I. 2017); *Fuller*, 59 V.I. at 956)); *Matter of Maynard*, 68 V.I. 632, 644 and n.11 (V.I. 2018) ("in keeping with our stated preference for resolving cases on the merits" (citing *Virgin Islands Taxi Ass'n*, 67 V.I. at 693 n.30)); *Skepple.*, 69 V.I. at 711 ("[S]everal cases from the courts of this Territory . . . confirm a strong public policy for determining civil cases on the merits." (citing *Spencer*, 2009 WL 1078144, at *2; *Ryans Rest*, 949 F. Supp. at 382; *Toussaint*, 67 V.I. at 947-48 n.13)); *Toussaint*, 67 V.I. at 948 n.13 (citing *Arvidson v. Buchar*, Case No. ST-16-CV-410, 2017 WL 168474, at *4 (V.I. Super. Ct. Jan 11, 2017) (unpublished); *St. Thomas & St. John Police Benevolent Ass'n v. V.I.P.D.*, Case No. ST-15-CV-115, 2016 WL 4581322, at *3 (V.I. Super. Ct. Aug. 31, 2016) (unpublished); *Clarke v. Pan Am. Invs., Inc.*, Case No. ST-15-CV-645, 2016 WL 3702767, at *2 (V.I. Super. Ct. Jul. 5, 2016) (unpublished); *Adams v. N.W. Co. (Int'l), Inc.*, 63 V.I. 427, 446 (V.I. Super. Ct. 2015)); *cf. Rivera–Moreno*, 61 V.I. at 298; *Joseph*, 54 V.I. at 650; *Spencer*, 2009 WL 1078144, at *2; *Deal Furniture & Appliance v. Four Winds Plaza P'ship*, 961 F. Supp. 117, 120 (D.V.I. App Div. 1997).

[89] *Gore*, 50 V.I. at 238 (quoting *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir.1974) (emphasis added)); *see also Powell*, 72 V.I. at 1043 ("'[L]iberality in pleading does not bestow on a litigant the privilege of neglecting [their] case for a long period of time.'" (quoting *Joseph*, 54 V.I. at 650; *Daves*, 661 F.2d at 1025)); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013) ("However, a district court's ability under Rule 41(b) 'to prevent undue delays and to achieve the orderly disposition of cases must be weighed against the policy of law which favors disposition of litigation on its merits.'" (quoting *Sielaff*, 492 F.2d at 918)); *Virgin Islands WAPA v. Virgin Islands Tel. Corp.*, 18 V.I. 451, 452-53 (D.V.I. App. Div. 1981) ("A trial court has the inherent power to dismiss a case for want of prosecution. That power has been codified, in part, by Rule 41(b) Fed. R. Civ. P., applicable in the Territorial Court pursuant to Title 5 Appendix IV V.I.C. Rule 7. The power 'is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the (Territorial) Courts.' the trial court here had the power to dismiss for lack of prosecution . . . ." (quoting *Link v. Wabash*, 370 U.S. 626, 629–30 (1962))); *Lenhardt v. Barnett*, 79 V.I. 353, 356 (V.I. Super. Ct. 2025) ("[T]he power to dismiss for failure to prosecute is necessary to prevent undue delays in the disposition of pending cases and to avoid Court congestion." (citing *Link*,

rendering a judgment void,[90] and unlike a motion to vacate entry of default, vacating a default

judgment implicates concerns about finality of judgments, which weigh strongly against unsettling

disputes finally adjudicated.[91]  The Virgin Islands Supreme Court has made clear that the

---

370 U.S. at 629)); *Remy v. Ford Motor Co.*, 48 V.I. 141, 154 (V.I. Super. Ct. 2006) ("A trial court has the inherent power to dismiss a case for want of prosecution in order to prevent undue delays in the disposition of pending cases and to avoid congestions in the calendars of the courts." (citing *Virgin Islands WAPA*, 18 V.I. 451)).

[90] Void judgments are a nullity and of no legal effect from their inception, as if they never existed. *Skepple*, 69 V.I. at 733 n.28 ("From its inception, a void judgment is a legal nullity and without legal effect, and any defect cannot be cured." (citing, *inter alia, Rubin v. Johns*, 109 F.R.D. 174, 178 (D.V.I. App. Div. 1986); *Raymark Indus., Inc. v. Lai*, 973 F.2d 1125, 1132 (3d Cir. 1992))); *Gore*, 50 V.I. at 239 (quoting *Center Wholesale*, 759 F.2d at 1448; and citing *Winhoven*, 201 F.2d at 175). Therefore, in *Skepple*, the Court found an abuse of discretion in the Superior Court's denial of the motion to vacate—concerns about finality of judgments do not override the Constitution's guarantee of Due Process. *But see* 5 V.I.C. § 31(a)(1)(B) ("Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute: (1) Twenty years[—]An action upon a judgment or decree of any court of the United States, or of any State, Commonwealth, or Territory within the United States."). As an action collaterally attacking a judgment to have it declared void is a civil action founded upon a judgment, the 20-year limitations period appears to apply. *See generally Skepple.*, 69 V.I. at 710 ("[A] civil action, [is] 'an action to enforce, redress or protect a private or civil right.'" (quoting *In re Najawicz*, 52 V.I. 311, 335 (V.I. 2009); and citing BLACK'S L.DICT., at 32)); *Magens Point Resort Hotel v. Benjamin*, 58 V.I. 191, 197 n.3 (V.I. 2009) ("The Supreme Court of the United States has described litigation initiated to enforce a judgment as an 'action.'" (quoting *McKnett v. St. Louis & S.F. Ry. Co.*, 292 U.S. 230, 233 (1934); and citing BLACK'S L. DICT., at 31 (defining 'action' as 'a civil or criminal judicial proceeding.')); *In re Moorhead*, 27 V.I. 74, 85 (V.I. Super. Ct. 1992) (stating that civil actions include all actions brought to enforce, redress, or protect private rights, other than criminal proceedings).

[91] The interest in finality of judgments is very strong. *See Peters*, 60 V.I. at 484 ("'[S]ociety [ has a] legitimate interest in the finality of a judgment that has been perfected by the expiration of the time allowed for direct review." (quoting *Frady*, 456 U.S. at 164; and citing *Long*, 670 F.3d at 445 n.18; *Mitchell*, 518 F.3d at 750 ("Finality . . . . serves societal interests and the interests of judicial administration by minimizing uncertainty and waste of judicial resources caused by undue delay.")); *Pelle v. Certain Underwriters at Lloyd's of London*, 66 V.I. 315, 320–21 (V.I. 2017) ("[T]he societal interests in upholding final judgments demands such . . . ." (citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 401–02 (1981); *Simpson v. Board of Dirs. of Sapphire Bay Condos. West*, 62 V.I. 728, 732 (V.I. 2015); *Peters*, 60 V.I. at 484)); *Tip Top Constr. Corp. v. Austin*, 71 V.I. 549, 563 (V.I. 2019) (quoting *Peters*, 60 V.I. at 484; and citing *Simpson*, 62 V.I. at 731-32); *Companion Assurance Co. v. Smith*, 66 V.I. 562, 571 (V.I. 2017) (quoting *Peters*, 60 V.I. at 484; and citing *Paxton Resources, L.L.C. v. Brannaman*, 95 P.3d 796, 801–02 (Wy. 2004); *Bombardier Capital, Inc. v. Williams*, 850 So. 2d 363, 364 (Ala. Civ. App. 2002); *Commonwealth v. Santone*, 757 A.2d 963, 966 (Pa. Super. Ct. 2000); *Freiberg v. City of Mission Viejo*, 39 Cal. Rptr. 2d 802, 805–06 (Cal. Ct. App. 1994); *Baker Phillips, Inc. v. Caviness*, 603 S.W.2d 715, 715 (Mo. Ct. App. 1980); *Minor v. Leisure Lodge, Inc.*, 961 P.2d 915, 916–17 (Or. Ct. App. 1998)); *Pedro*, 63 V.I. at 525 ("[G]iven the posture of this case, the Court should give due consideration to the interest in finality of judgments.") (citing and quoting parenthetically *Bldg. & Const. Trades Council of Philadelphia & Vicinity, AFL–CIO v. N.L.R.B.*, 64 F.3d 880, 888 (3d Cir.1995) ("[T]he interest in finality of judgments may assume greater or lesser prominence according to the nature of the case and the private and public interests implicated, but should not be either deprecated or ignored."))). Even in instances involving a potentially void judgment, "[t]he concept of a void judgment is narrowly construed in order to promote finality of judgments, and only a demonstration of a clear usurpation of power will render a judgment void." *Skepple*, 69 V.I. at 733 n.28 (citing, *inter alia, Rubin*, 109 F.R.D. at 178; *Raymark Indus.*, 973 F.2d at 1132)).

2025 VI Super 40

preference for determination of cases on the merits, however strong, does not establish a rule of law that eliminates the requirements in the Virgin Islands Small Claims Rules[92] or the requirement to show Good Cause/Excusable Neglect when seeking relief from a Default Judgment in a Small Claims Proceeding for failure to answer or otherwise defend.[93]

¶27 Importantly, the Virgin Islands Small Claims Rules have established that, "[i]f the defendant fails to appear on the return date, after having been properly served, judgment may be entered by default . . . upon *ex parte* proof where the claim is unliquidated."[94] STT Cargo having been timely served and having utterly failed to avail itself of the means of having this matter transferred to the general jurisdiction civil division of this Court,[95] the trial court was not just

---

[92] *See generally Dennery*, 2013 WL 206128, at *2.

[93] V.I. SM. CL. R. 6(b); *see generally Greene*, 67 V.I. at 738–39 and n.6 ("'The determination of excusable neglect is at bottom an equitable one, where the court should take into account all relevant circumstances surrounding the omission including the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.' Prejudice to the nonmoving party encompasses, among other things, the 'loss of opportunity to present some material aspect of a case,' 'the expenditure of money or similar detrimental changes in position by one side in reliance on the action or inaction of the other,' and the imposition of 'additional trial preparation, and added expense.' Any delay that affects the Superior Court's ability to manage its docket as a whole weighs against a finding of excusable neglect. And delay entirely within the movant's control—such as when the movant makes a conscious decision to pursue one litigation strategy at the expense of another—does not support a finding of excusable neglect." (quoting *Fuller*, 59 V.I. at 954; *State ex rel. Sizemore v. United Physicians Ins. Risk Retention Grp.*, 56 S.W.3d 557, 568 (Tenn. 2001); citing *Brown*, 49 V.I. at 383; *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606–07 (7th Cir. 2006); *Baptiste v. Rohn*, Civil No. 2013-0104, 2015 WL 9460128, at *5 (D.V.I. Dec. 23, 2015) (unpublished); *Eskridge v. Cook Cnty.*, 577 F.3d 806, 810 (7th Cir. 2009); *Slaughter v. S. Talc Co.*, 919 F.2d 304, 307 (5th Cir. 1990))) (collecting cases at note 6); *Suppertime, LLC v. Frankfield Mgmt., LLC*, 790 F. Supp. 3d 466, 473 (D.V.I. 2025) ("Additionally, '[t]actical decisions and dilatory motives may lead to a finding of undue delay.'" (alterations in original) (quoting *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 225 (E.D. PA. 2012))).

[94] V.I. SM. CL. R. 4(b)(3)(A); *see also* V.I. SM. CL. R. 2(c)(2) ("[I]f the defendant fails to request a transfer as provided in subpart (d) of this Rule, defendant shall be deemed to have waived both the right to a jury trial and the right to be represented by counsel at trial, if the matter remans in the Small Claims Division.").

[95] The Court's wishes to emphasize that the relief provided for in Virgin Islands Small Claims Rule 2(d) has been subjected to the substance over labels analysis dictated by the Virgin Islands Supreme Court. *E.g.*, *Alexander*, 73 V.I. at 532-33 (treating counsel's motion for continuance of a Small Claims Trial as a notice of appearance requiring transfer to the general jurisdiction civil division). As such, had STT Cargo's counsel filed anything before the swearing of a witness, the trial court would have been obligated to transfer this Case out of the Small Claims Division. V.I. SM. CL. R. 2(d); *Alexander*, 73 V.I. at 532-33.

**2025 VI Super 40**

entitled, but obligated,[96] to take evidence on Braga's unliquidated claim and render judgment according to the facts found to be credible.

¶28    The trial court found the facts warranted entry of Default Judgment in favor of Braga. In the absence of facts rendering the judgment void,[97] STT Cargo was obligated to comply with Virgin Islands Small Claim Rule 6(b) and make a showing of Good Cause/Excusable Neglect within 60 days of entry of Default Judgment if it wanted to obtain the relief it requested.[98]

## A. Legal Standard for Showing Good Cause/Excusable Neglect

¶29    "This jurisdiction acknowledges the doctrine of [Good Cause/Excusable Neglect[99]], and a determination thereof is equitable in nature."[100]    The Virgin Islands Supreme Court has directed that "[t]he Superior Court must consider 'all relevant circumstances' when making an [E]xcusable [N]eglect determination."[101]    "The determination 'is at bottom an equitable one' where the court should take into account 'all relevant circumstances surrounding the omission including the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of

---

[96] V.I. SM. CL. R. 2(c)(2); 4(b)(3); *see generally Dennery*, 2013 WL 206128, at *2.

[97] *See generally Skepple*, 69 V.I. at 733("A 'failure to vacate a void judgment is *per se* an abuse of discretion.'" (quoting *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009); and citing *Hart v. Sansom*, 110 U.S. 151, 155 (1884))); *Gore*, 50 V.I. at 239 (quoting *Center Wholesale*, 759 F.2d at 1448; and citing *Winhoven*, 201 F.2d at 175).

[98] V.I. SM. CL. R. 6(b).

[99] The Virgin Islands Supreme Court "ha[s] 'equated [FRCP 4(m)'s] 'good cause' with the concept of 'excusable neglect' of [FRCP] 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *Beachside Assocs.*, 53 V.I. 713 (quoting *MCI Telecomms.*, 71 F.3d at 1097; and citing *Petrucelli*, 46 F.3dat 1312; *Turner*, 412 F.3d 650; *McGuire*, 137 F.3d at 324; *Adams*, 74 F.3d at 887; *Boudette*, 923 F.2d at 75–56); *Fuller*, 59 V.I. at 954 ("'Excusable neglect' and 'good cause' are essentially synonyms . . . ." (quoting *Beachside Assocs.*, 53 V.I. at 713)); *see also Pedro*, 2025 VI 20 n.10 (same (quoting *Montgomery*, 71 V.I. at 1127; and citing *Beachside Assocs.*, 53 V.I. at 713)); *Montgomery*, 71 V.I. 1127 (same (quoting *Beachside Assocs.*, 53 V.I. at 713)); *e.g., Bazzar v. Salem*, No. ST-14-CV-370, 2015 WL 5935188, at *2 (V.I. Super. Oct. 8, 2015) (unpublished) (same (quoting *Fuller*, 59 V.I. at 954)).

[100] *Allenbaugh*, 2025 VI 21. ¶ 13 (citing *Fuller*, 59 V.I. at 954; *Brown*, 49 V.I. at 383).

[101] *Id*. ¶ 13 (alterations omitted) (quoting *Fuller*, 59 V.I. at 954; and citing *Brown*, 49 V.I. at 383).

2025 VI Super 40

the movant,[102] and whether the movant acted in good faith.'"[103] The Virgin Islands Supreme

Court has explained that:

> Virgin Islands Rule 6(b)(1) enumerates several factors that the Superior Court may consider in deciding whether to grant a request to extend the date for doing an act, including 'whether the request to extend time is made before or after the required date; the reason for the movant's delay; whether the reason for delay was within the reasonable control of the movant; the danger of prejudice to the parties; the length of the delay; the potential impact of the delay on judicial proceedings; whether the party seeking the extension has acted in good faith, and all other relevant circumstances surrounding the party's failure to meet the originally prescribed deadline.' V.I. R. Civ. P. 6(b)(1). Significantly, this portion of Virgin Islands Rule 6(b)(1) has no counterpart in the analogous federal rule. Rather, the Reporter's Note accompanying Virgin Islands Rule 6 reflects that this enumerated list of factors was codified in Rule 6(b)(1) to incorporate existing case law, and specifically cites to this Court's decisions in *Fuller v. Browne*, 59 V.I. 948 (V.I. 2013), *Beachside Assocs. v. Fishman*, 53 V.I. 700 (V.I. 2010), and *Brown v. People*, 49 V.I. 378 (V.I. 2008), which collectively identified these factors as ones that the Superior Court should consider when making a determination on a request to extend time. [I]t goes without saying that not every one of these factors will necessarily be relevant in every single case . . . ."[104]

Because these factors were developed in case law and then subsequently adopted in a rule, the lack

of incorporation of Rule of Civil Procedure 6(b)(1) into the Virgin Islands Small Claims Rules

---

[102] *See generally* BLACK'S L. DICT., at 1040 (defining "movant" as "one who makes a motion to a core . . . . – Also termed moving party, mover. –Formerly also spelled movent.").

[103] *Pedro*, 2025 VI 20, n.10 (quoting *Montgomery*,, 71 V.I. at 1127; and citing *Brown*, 49 V.I. at 383; *Fuller*, 59 V.I. at 954); *see also Montgomery*, 71 V.I. at 1127(same (quoting *Brown*, 49 V.I. at 383)); *Greene*, 67 V.I. at 738 (same (quoting *Fuller*, 59 V.I. at 954; and citing *Brown*, 49 V.I. at 383)); *Fuller*, 59 V.I. at 954 (same (quoting *Brown*, 49 V.I. at 383)); *Brown*, 49 V.I. at 383 (same (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc.*, 507 U.S. 380, 395 (1993))); *compare Allenbaugh*, 2025 VI 21, ¶ 13 (Superior Court must consider relevant factors, "including 'whether the request to extend time is made before or after the required date; the reason for the movant's delay; whether the reason for delay was within the reasonable control of the movant; the danger of prejudice to the parties; the length of the delay; the potential impact of the delay on judicial proceedings; [and] whether the party seeking the extension has acted in good faith.'" (quoting V.I. R. Civ. P. 6(b)(1))); *with Skinner*, 27 V.I. at 196 ("The decision to vacate a default judgment is left to the sound discretion of the trial court which must consider whether vacating the default judgment will 'visit prejudice on the plaintiffs, whether the defendant has a prima facie meritorious defense and whether the default was a result of the defendant's culpable or inexcusable conduct.'" (quoting *Zawadski De Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir.1987); and citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir.1987); *Zawadski*, 822 F.2d at 419–420; *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir.1985))).

[104] *Metivier*, 77 V.I. at 612(alterations in original).

**2025 VI Super 40**

does not foreclose the application of these factors,[105] and any other relevant circumstance, to the

present analysis.[106]

¶30  Failure to provide an explanation and/or a strategic choice not to provide an explanation

can never be Good Cause/Excusable Neglect.[107]  Similarly, *pro se* status, without further

---

[105] *See also Daisley v. Daisley*, No. CIV.APP. 2005-0140, 2012 WL 687053, at *3 (D.V.I. App. Div. Feb. 29, 2012) (unpublished) ("[T]rial courts must weigh whether vacating default would, 'visit prejudice on the [non-movant], whether the [movant]t has a prima facie meritorious defense and whether the default was a result of the [movant]'s culpable or inexcusable conduct.'" (quoting *Emcasco Ins.*, 834 F.2d at 73; and citing *Miles v. Aramark Corr. Serv., Inc.*, 321 Fed. Appx. 188, 191 (3d Cir.2009); *Zawadski*, 822 F.2d at 416, 419–20)); *Ryans Rest.*, 949 F. Supp. at 383 n.5 (same (citing *Zawadski*, 822 F.2d at 419–20)); *Deliver It*, 28 V.I. at 29 ("A Default Judgment having been entered, the proper motion is one to set aside the default [judgment]. Such a motion will usually be granted if (a) the non-[moving] party will not be prejudiced by the reopening; (b) the default was not the result of inexcusable neglect or willful act [of the moving party]; and (c) the [moving] party has a meritorious defense." (citing *Bonhomme v. Terry Frederick Associates*, 25 V.I. 385 (D.V.I. App. Div. 1990))); *Davis v. Boehm*, No. CV 607/1996, 1997 WL 35410102, at *1 (V.I. Super Ct. Apr. 24, 1997) (unpublished) (same (citing *Skinner*, 27 V.I. 193; *Zawadski*, 822 F.2d 416; *Scatliffe v. George*, 17 V.I. 91, 94 (V.I. Super. Ct. 1980); Restatement (Second) of Judgments § 67 (1982))); *Bazzar*, 2015 WL 5935188, at *2 (citing *Cohen v. Gabriel Enterprises, Inc.*, Civ. No. 2011-0059, 2013 WL 1154847, at *1 (D.V.I. Mar. 21, 2013) (unpublished); *$55,518.05 in U.S. Currency*, 728 F.2d at 195; *Caesar v. Firstbank P.R.*, 49 V.I. 1041, 1048 (D.V.I. 2008))).  In fact, the Supreme Court is presumed to know the law that existed at the time of adopted the Virgin Islands Small Claims Rules; and the choice to use a legal term that had a set of factors established in prior precedent (and did not cross-refence the Virgin Islands Rule of Civil Procedure codifying those factors) is strong evidence they intended for the common law set of factors to apply to motions made pursuant to the rule.

[106] Simply, the incorporation of principles or rules of law announced in court decisions into a new rule of procedure does not abolish or alter the extant precedent, which remains binding.  Using precedent as a basis for creating a new rule does not exhibit an intent to abolish the precedent relied upon.

[107] *Allenbaugh*, 2025 VI 21, ¶ 13 ("'[T]he reason for the delay' is 'the most important factor' in an excusable neglect analysis, and the Superior Court made no findings on this factor, nor could it, because [the movant] failed to provide any reason for filing [their] motion late. [Movant]'s **failure to provide an explanation** for filing [their] motion late is fatal because clear or plain neglect **is not commensurate to excusable neglect** pursuant to Rule 6(b)(1)(B) of the Virgin Islands Rules of Civil Procedure.  Moreover, the fact that [the movant] appears *pro se* also means that the **delay** in filing [the] motion is **entirely attributable to [them]** and the time to file a motion for attorney's fees, as is clearly set forth in Rule 54 of the Virgin Islands Rules of Civil Procedure, does not require any legal training to comprehend or calculate." (emphasis added) (quoting *Montgomery*, 71 V.I. at 1128; and citing *Bowman v Korte*, 962 F.3d 995, 998 (7th Cir. 2020); *Pittston Stevedoring Corp. v. Dellaventura*, 544 F.2d 35, 43 (2d Cir. 1976); *Grant v. Revera Inc.*, 655 Fed. Appx. 914 917 (3d Cir. 2016); *Martin v. Matthews*, 480 Fed. Appx. 471, 474 (10th Cir. 2012))); *Greene*, 67 V.I. 727, 737, 740 (V.I. 2017) ("[Movant] did not address the 'excusable neglect' standard in [their] opposition to WAPA's summary judgment motion.  Instead, [movant] explained that [they] made a conscious decision not 'to expend time and money responding to WAPA's improperly filed Statement of Facts' because [they] 'should not have to expend time and resources on a matter that [h]as been litigated exhaustively for seven years.'  The Superior Court denied [movant]'s request for an extension of time, reasoning that 'nothing prevented Greene from presenting alternative arguments and addressing the merits of WAPA's motion in its opposition,' and because 'granting [movant]'s request would do nothing more than encourage piecemeal litigation resulting in a waste of judicial resources.'"); *Beachside Assocs.*, 53 V.I. at 713 ("[I]t is the [movant]'s burden to show good cause. Therefore, because [movant] failed to provide the trial court with some reasonable basis for its failure to serve [process] within the time specified by FRCP 4(m), we hold that the trial court did not abuse its discretion in finding in its October 14, 2008

2025 VI Super 40

explanation, does not excuse failure to comply with Court Rules, even in the absence of prejudice to the opposing party.[108] In fact, "'the reason for the delay' is 'the most important factor' in an excusable neglect analysis . . . ."[109] "Importantly, the 'absence of prejudice alone can never constitute good cause to excuse late [action];' 'while the prejudice may tip the 'good cause' scale,

---

Order that [movant] had not established good cause for an extension under FRCP 4(m)."); *e.g.*, *Cristobal v. Merchants Mkt., LLC*, No. S.CT.CIV. 2017-0052, 2018 WL 3105452, at *4-*5 (V.I. June 22, 2018) (*per curiam*) (unpublished) (No excusable neglect where "the Government only states that it 'inadvertently failed to file the notice of appeal' without stating why this shows good cause or excusable neglect to accept this appeal out of time."); *Hamdallah v. Warlick*, 160 F.R.D. 73, 74 (D.V.I. App. Div. 1995) (failure to offer any explanation does not establish excusable neglect).

[108] *Allenbaugh*, 2025 VI 21, ¶ 13 ("[T]he Superior Court took none of these relevant factors into consideration. Rather than determining whether [movant] had met her burden of showing good cause or excusable neglect, the Superior Court placed tremendous weight on the fact that [movant] was a *pro se* litigant and essentially shifted the burden to [the non-moving party], suggesting that because [they] also failed to respond timely that there was no prejudice to [them]. While *pro se* pleadings are 'interpreted with considerable lenience because the authors lack formal legal training,' and as a policy matter, the Court 'gives *pro se* litigants greater leeway in dealing with matters of procedure and pleading,' that lenience and leeway are not unlimited. The policy of solicitude does not extend so far as to 'allow a party to ignore or defy the rules of procedural and substantive law.'" (quoting *Construction Technicians v. Zurich American Ins. Co.*, 61 V.I. 153, 157 n.3 (V.I. 2014); *Clarke v. Lopez*, 73 V.I. 512, 516 (2020); and citing *Marsh-Monsanto v. Clarenhach*, 66 V.I. 366, 376 (V.I. 2017); *Simpson v. Golden*, 56 V.I. 272, 280 (V.I. 2012))); *see also, e.g.*, *Skinner*, 27 V.I. at 196 (No Good Cause/Excusable Neglect to vacate a default judgment against a *pro se* party where, "[t]he trial in this case was scheduled for June 12, 1991. On March 25, 1991, [the movants were] effectively served with the complaint . . . . During all this time, [movants] were residing together in California. On June 7, 1991, [movants] mailed a letter requesting a continuance until August 1991 due to [one of the movant's] schedule as a medical doctor. The [movants] mistakenly addressed a new Express Mail envelope to the Territorial Court of the Virgin Islands," and the motion to continue was received on June 14, 1991, two days after the Small Claims Default Judgment Hearing.); *Daisley*, 2012 WL 687053, at *4 ("The trial court issued the divorce decree on January 23, 2004. The Appellant's 60(b) motion to set aside the divorce decree was filed on February 3, 2005. Therein, the Appellant justified [their] delay by averring that he did not recall being served and that [they] failed to sufficiently scrutinize the documents [they] were served with. The Appellant further conceded that [they] had no defense to the clear indication on the record that [they] had, indeed, been personally served. The Appellant further claims that [they] lacked the sophistication to understand the documents [they] were served with. However, neither ignorance, nor lack of sophistication nor failure to scrutinize documents are sufficient to overcome Rule 60(b)(1)'s one year time-bar or otherwise serve as a viable basis for substantive relief." (citing *Miranda Hermanos Co. v. Asad*, 13 V.I. 271, 277 (V.I. Super. Ct. 1977); *Berry v. St. Thomas Gas Co.*, 36 V.I. 64, 73 (V.I. Super. Ct. 1997))); *Scatliffe*, 17 V.I. at 97.

[109] *Allenbaugh*, 2025 VI 21, ¶ 13 (quoting *Montgomery*, 71 V.I. at 1128); *Pedro*, 2025 VI 20, n.10 (same (quoting *Montgomery*, 71 V.I. at 1127)); *Montgomery*, 71 V.I. 1119 (same (quoting *In re Sheedy*, 875 F.3d 740, 744 (1st Cir. 2017))); *Greene*, 67 V.I. at 738-39 (In fact, a "delay entirely within the movant's control—such as when the movant makes a conscious decision to pursue one litigation strategy at the expense of another—does not support a finding of excusable neglect." (citing *Eskridge*, 577 F.3d at 810; *Slaughter*, 919 F.2d at 307 (collecting cases at footnote 6)).

**2025 VI Super 40**

the primary focus is on the [movant]'s reasons for not complying with the time limit in the first place.'"[110]

¶31    The near total absence of facts explaining counsel's failure to act and STT Cargo's failure to follow up with counsel or read the publicly available court rules could, potentially, justify a ruling that Appellant simply failed to offer an explanation, thus justifying the trial court's denial of its motion.  However, STT Cargo does proffer what could be considered arguments based upon the lack of culpable conduct.  Though brief, STT Cargo makes other arguments that are founded upon the Good Cause/Excusable Neglect standard, such as that it has a meritorious defense, requiring further consideration.[111]   Additionally, the Appellate Division of the District Court of the Virgin Islands has established a framework for evaluating failures of counsel when evaluating Good Cause/Excusable Neglect.[112]  Because decisions of the Appellate Division remain binding on this Court in the absence of precedent from the Virgin Islands Supreme Court overturning them and the Court has been unable to find any contrary precedent,[113] the Court will consider this as a factor in its analysis.

---

[110] *Beachside Assocs.*, 53 V.I. at 713 (quoting *MCI Telecomms.*, 71 F.3d at 1097).

[111] *Rivera v. People*, 77 V.I. 514, 548 (V.I. 2023) ("Furthermore, a court cannot 'exercise its discretion' by choosing to ignore a claim or issue that was properly before it. 'It is axiomatic that, when a court with discretion fails to balance the pertinent factors required for it to properly exercise that discretion, such failure constitutes an abuse of discretion.'" (quoting *Bryan*, 61 V.I. at 476; *Rivera-Mercado v. Gen. Motors Corp.*, 51 V.I. 307, 330 (V.I. 2009) (Swan, J., concurring); and citing *Garcia v. Garcia*, 59 V.I. 758, 771 (V.I. 2013); *Beachside Assocs.*, 53 V.I. at 719)).

[112] *Archer v. Caribbean Auto Mart, Inc.*, 67 V.I. 1024, 1030-31 (D.V.I. App. Div. 2017).

[113] *Wallace*, 71 V.I. at 739 ("[P]rior decisions of the Appellate Division remain binding upon the Superior Court unless overturned by this Court." (citing *Defoe*, 56 V.I. at 119)). The Court recognizes that the Virgin Islands Supreme Court has adopted a standard for Good Cause/Excusable Neglect, *e.g.*, V.I.R. CIV. P. 6(b)(1). However, the rules of procedure are expressly made inapplicable to Small Claims Proceedings, V.I. SM. CL. R. (6)(b)(5), except in those instances where the Small Claims Rules themselves expressly declare such rules applicable, *e.g.*, V.I. SM. CL. R. 1(e) (making V.I.R. Civ. P. 1-2 applicable), (f) (making V.I.R. Civ. P. 6 applicable); V.I. SM. CL. R. 4(b)(5) (making "rules relating to privileged communications and the swearing of parties and witnesses" applicable); *see Metivier*, 77 V.I. at 609-10 ("[A] deliberate choice to borrow some—yet not all—of the substantive language of another jurisdiction's court rule constitutes impressive evidence that it was *not* the intent to implicitly adopt the omitted provisions." (emphasis in original) (citing *V.I. Bar Ass'n*, 75 V.I. at 399-400; *Mills-Williams*, 67 V.I. at 585; *Corraspe*,

2025 VI Super 40

¶32    Considering the Small Claims prohibition on counsel and the directive to do substantial justice, the Court will analyze these arguments.[114]  Because the primary focus is on the conduct and motives of the party making the Good Cause/Excusable neglect argument, *i.e.*, the movant, the Court will first analyze that factor.

## B. Reason for Delay/Movant's Conduct

¶33    Regrettably, Appellant does not make an extensive argument on this point and relies almost exclusively on the fact that it handed the summons and complaint to its attorney.  While such lack of factual support and substantive briefing could constitute waiver,[115] the little argument that is

---

53 V.I. at 482; *Hansen*, 68 V.I. at 609 n.3)).  Therefore, the present Good Cause/Excusable Neglect determination is not in any way limited by Rule of Civil Procedure 6(b)(1).  Additionally, "all other relevant circumstances surrounding the party's failure to meet the originally prescribed deadline" are to be considered under V.I. R. Civ. P. 6(b)(1); *Allenbaugh*, 2025 VI 21, ¶ 13 ("The Superior Court must consider 'all relevant circumstances' when making an excusable neglect determination." (alterations omitted) (quoting *Fuller*, 59 V.I. at 954; and citing *Brown*, 49 V.I. at 383).  The fact that it was counsel's action or inaction would appear to be a relevant circumstance warranting application of the standard adopted by the Appellate Division.  *Cf. Halliday v. Footlocker Specialty, Inc.*, 53 V.I. 505, 510 (2010) (factor when considering whether to dismiss for failure to prosecute is "whether the conduct of the party or the attorney was *willful* or in *bad faith*" (emphasis in original) (citation omitted)).

[114] The Court cautions that the primary reason it is considering these arguments is the absence of precedent interpreting the Small Claims Rules.  However, as this opinion will be published, future litigants will have the benefit of its guidance.  Thus, there will be no justification excusing more substantial presentation of material facts supporting an appellant's argument.  But for this unique situation, the Court would consider such inadequately presented arguments to be waived for lack of briefing.

[115] *See Beachside Assocs.*, 53 V.I. at 713 ("[I]t is the [movant]'s burden to show good cause.  Therefore, because [the movant, acting through its attorney,] **failed to provide the trial court with some reasonable basis** for its failure to serve [the defendant] within the time specified by [the applicable rule], we hold that the trial court did not abuse its discretion in finding in its October 14, 2008 Order that [movant] had not established good cause for an extension under FRCP 4(m)." (emphasis added)); *cf. Greene*, 67 V.I. at 736–37 ("Under that rule, when an act must be done by a specified deadline and a party moves for an extension of that deadline after the deadline passes, the party must demonstrate that their failure to request such an extension before the expiration of that deadline was the product of excusable neglect.  [The defendant sought] summary judgment on August 4, 2014.  [Movant] filed [their] response in opposition on September 26, 2014, 50 days after [defendant]'s motion, which is well past the 20–day deadline imposed by the Superior Court under Local Rule of Civil Procedure 56.1 for responding to such motions.  Even though [movant] filed two notices for extension of time pursuant to Local Rule of Civil Procedure 56.1 and a motion for a further two-day extension of time, [movant] still failed to file [any] response in opposition by September 25, 2015—the deadline that would have existed if the Superior Court had granted [the] motion for a two-day extension of time.  Since [movant]'s response in opposition—and consequently, [the] request for an extension of time to file an additional opposition—was untimely, Superior Court Rule 10 obligated [movant] to demonstrate excusable neglect in order to receive the requested extension of time. [Movant] did not address the 'excusable neglect' standard in [their] opposition to [the] summary judgment motion.  Instead, [movant] explained that [they] made a conscious decision not 'to expend time and money responding to [an] improperly filed Statement of Facts' because [they] 'should not have to expend

**2025 VI Super 40**

provided relating to the reason for delay and STT Cargo's conduct does not support a finding of

Good Cause/Excusable Neglect, as explained as follows.

> **1. When a Defendant is Served With a Small Claims Complaint, Reliance Upon Counsel is, as a Matter of Law, not a Factor that is Considered in Evaluating Good Cause When Considering Whether to Vacate a Default Judgment and Excuse a Defendant's Failure to Appear or Otherwise Defend.**

¶34    To reiterate, when making a Good Cause/Excusable Neglect determination, "'the reason

for the delay is the most important of these factors,' and 'even where there is no prejudice, impact

on judicial proceedings, or trace of bad faith, the favorable juxtaposition of these factors does not

excuse the delay where the proffered reason is insufficient.'"[116]    "Conduct is culpable or

inexcusable if it evinces an attitude of willfulness or bad faith."[117]  There is no explanation offered

for its failure to answer or otherwise defend other than, after having received legal notice informing

its manager of the date of the Small Claims Trial, STT Cargo handed the summons and complaint

to its lawyer and never followed up again.[118]

¶35    However, subsection 112(d) of title 4 of the Virgin Islands Code has included a prohibition

on counsel appearing in Small Claims Proceedings since its creation.[119]  Likewise, the Virgin

---

time and resources on a matter that [h]as been litigated exhaustively for seven years.' The Superior Court denied [movant]'s request for an extension of time, reasoning that 'nothing prevented [movant] from presenting alternative arguments and addressing the merits of [the summary judgment arguments] in its opposition,' and because 'granting [movant]'s request would do nothing more than encourage piecemeal litigation resulting in a waste of judicial resources.'" (citing V.I. SUPER. CT. R. 10(a)(2); *Der Weer v. Hess Oil V.I. Corp.*, 64 V.I. 107, 125 (V.I. Super. Ct. 2016); *McGary v. J.S. Carambola, L.L.P.*, Case No. SX-13-CV-289, 2016 WL 6069499, at *2 n.4 (V.I. Super. Ct. Oct. 7, 2016) (unpublished))).

[116] *Montgomery*, 71 V.I. at 1127 (quoting *Sheedy*, 875 F.3d at 744).

[117] *Skinner*, 27 V.I. at 197 (citing *Zawadski*, 822 F.2d at 420).

[118] Considering the absence of facts in the record, this is the only conclusion the record supports. *Cf. Skinner*, 27 V.I. at 197-98 ("A [movant]'s conduct is culpable or inexcusable if it evinces an attitude of willfulness or bad faith. [Movants] were made aware of the trial date in this case in late March. They waited two and a half months before seeking a continuance. No information was given as to the specifics of the [movants'] medical schedule or any emergencies which required a continuance." (emphasis added) (citing *Zawadski*, 822 F.2d at 420)).

[119] *See generally Shroeder*, 1977 WL 425261, at *1 ("The history of the Small Claims Division of the Territorial Court is not complex. The division was created in 1957 in the Municipal Court of St. Croix and the Municipal Court of St.

2025 VI Super 40

Islands Small Claims Rules provide that, before the swearing of any witness at a Small Claims Trial, the Defendant must be informed that "counsel are not permitted in Small Claims proceedings."[120]

¶36    The rules of procedure governing all proceedings in this Court, including the Virgin Islands Small Claims Rules, are available to the public on the website for the Judiciary of the Virgin Islands (www.vicourts.org).[121] To the extent STT Cargo either failed to read the rules or believed reliance upon counsel, without more, excused compliance with the Virgin Islands Small Claims

---

Thomas and St. John, and in 1965 became a division of the Municipal Court of the Virgin Islands upon the consolidation of the Courts. Its jurisdiction at that time was limited to $100 and its purpose was 'to provide a simple and inexpensive procedure for the handling of small claims.'" (quoting Revision Note following 4 V.I.C. § 111)).

[120] V.I. SM. CL. R. 4(b)(1)(a).

[121] *E.g.*, *Allenbaugh*, 2025 VI 21, ¶ 13 ("While *pro se* pleadings are 'interpreted with considerable lenience because the author[']s lack formal legal training,' and as a policy matter, the Court 'gives *pro se* litigants greater leeway in dealing with matters of procedure and pleading,' that lenience and leeway are not unlimited. The policy of solicitude does not extend so far as to 'allow a party to ignore or defy the rules of procedural and substantive law.' Additionally, 'the reason for the delay' is 'the most important factor' in an excusable neglect analysis, and the Superior Court made no findings on this factor, nor could it, because [movant] failed to provide any reason for filing [the] motion late. [Movant]'s failure to provide an explanation for filing [the] motion late is fatal because clear or plain neglect is not commensurate to excusable neglect . . . . Moreover, the fact that [movant] appears *pro se* also means that the delay in filing [the] motion is entirely attributable to [the movant] and the time to file a motion for attorney's fees, as is clearly set forth in Rule 54 of the Virgin Islands Rules of Civil Procedure, does not require any legal training to comprehend or calculate." (quoting *Clarke*, 73 V.I. at 516; *Construction Technicians.*, 61 V.I. at 157 n.3; *Montgomery*, 71 V.I. at 1128; and citing *Simpson*, 56 V.I. at 280; citing *Marsh-Monsanto*, 66 V.I. at 376; *Bowman*, 962 F.3d at 998; *Pittston Stevedoring*, 544 F.2d at 43; *Grant*, 655 Fed. Appx. at 917; *Martin*, 480 Fed. Appx. at 474)); *Montgomery*, 71 V.I. at 1127-28 ("We conclude that [movant] failed to act reasonably when she attempted to file a notice of appeal with the Bureau of Motor Vehicles. While [movant] is a *pro se* litigant entitled to additional leniency, 'that leniency is not a license excusing non-compliance with relevant rules of procedural and substantive law.' That is particularly true in this case, where even the most cursory reading of the Virgin Islands Rules of Appellate Procedure—which are freely available on this Court's website—would reveal the proper place to file a notice of appeal, and, of course, an appeal from any judgment entered by the Superior Court must be filed with this Court, the only appellate court in the Virgin Islands." (citing *Cornelius v. Bank of N.S.*, 67 V.I. 806, 823 (V.I. 2017) (which had quoted *Simpson*, 56 V.I. at 280))); *cf. Texaco, Inc. v. Short*, 454 U.S. 516, 531-32 (1982) ("The first question raised is simply how a legislature must go about advising its citizens of actions that must be taken to avoid a valid rule of law . . . . The answer to this question is no different from that posed for any legislative enactment affecting substantial rights. Generally, a legislature need do nothing more than enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to comply."); *Georgia v. Public.Resource.Org, Inc.*, 590 U.S. 255, 265 (2020) ("'Every citizen is presumed to know the law,' and 'it needs no argument to show that all should have free access' to its contents." (alterations omitted) (quoting *Nash v. Lathrop*, 6 N.E. 599, 560 (Mass. 1886))).

**2025 VI Super 40**

Rules, "such a construction was untenable and any reliance upon it was unreasonable."[122] While it is reasonable for a Small Claims defendant to seek advice of counsel before a Small Claims Trial,[123] nothing in the text of any of the Small Claims Rules could be understood to excuse a defendant from appearing on the return date stated in the Small Claims Summons.

¶37 Indeed, the Small Claims Rules make clear that only a party may participate in a Small Claims Proceeding; and the prohibition on counsel "is clearly set forth in Rule [4(b)(1)(A)] of the Virgin Islands [Small Claims] Rules . . ., [and] does not require any legal training to comprehend . . . ."[124] Because counsel are prohibited in Small Claims Proceedings and the Small Claims Rules provide multiple methods of preserving the right to counsel (and having the case removed from Small Claims jurisdiction), reliance upon counsel is not a factor in the Good Cause/Excusable Neglect analysis and can never, as a matter of law, excuse a failure to appear and defend a Small Claims Case.

¶38 Although the Court finds upon this basis that it was not an abuse of discretion for the trial court to deny Appellant's motion; the Virgin Islands Supreme Court has not held that such conduct is not a factor when analyzing Good Cause/Excusable Neglect. Therefore, alternatively, the Court will consider the applicable factors.

---

[122] *See Tip Top Constr.*, 71 V.I. at 563 ("To the extent [movant] construed the Superior Court's terse statements and conclusion concerning the trial court's jurisdiction as an assurance that the denial of its renewed motion was properly before this Court on appeal, such a construction was untenable and any reliance upon it was unreasonable.").

[123] Indeed, assuming counsel live up to their ethical obligation to know the law and objectively apply it to the facts presented (and to not become emotionally involved such that they "become" the client), given the efforts made to settle small claims matters before trial, a defendant's consultation with counsel before the return date on a Small Claims Summons has the very real possibility of facilitating prompt and low-cost resolution on the return date. In fact, a Small Claims plaintiff's pre-suit consultation with counsel would also be likely to facilitate prompt and low-cost resolution, as an objective evaluation of the application of law to fact by counsel should help a party assess their actual and/or potential success or liability, thus enabling the party to determine when to "cut their losses," so to speak.

[124] *Allenbaugh*, 2025 VI 21, ¶ 13; *see* V.I. SM. CL. R. 4(b)(1)(a); *Tip Top Constr.*, 71 V.I. at 563.



2025 VI Super 40

**2. In a Small Claims Proceeding, a Defendant's Failure to Appear or Otherwise Defend is Not Excused by Reliance Upon Counsel; and Reliance Upon Counsel Does Not Establish Good Faith on the Part of the Movant.**

¶39    To reiterate, "[c]onduct is culpable or inexcusable if it evinces an attitude of willfulness or bad faith."[125] STT Cargo, after having been served with process that stated the date of the Small Claims Trial, gave those documents to counsel and failed to take any subsequent actions. This does not show good faith or reasonable conduct; and "Defendant [STT Cargo], like all other defendants, must, in the absence of a showing of incapacity, be held responsible for reading properly served legal process and taking appropriate action. In this case, such action would certainly have been no less than contacting the attorney with whom defendant left the original complaint."[126]

¶40    *Scatliffe ex rel. Frazer v. George* provides a remarkably compelling analogy to the present facts. In that case, this Court provided the following analysis:

> Defendant . . . also contends that [their[127]] neglect should be excused because [they] mistakenly left the original complaint with an attorney without leaving a retainer, and assumed that the attorney would take care of the case. In addition, [defendant] says that due to [their] physical and mental condition [they] requested [their] partner to follow through with the case. [Defendant] does not state, however, that [their] partner agreed to follow through. Consequently, absent some showing that the attorney led the defendant to believe the case would be taken without a retainer, or a credible explanation for failing for two and a half months to communicate with either the attorney or defendant's partner regarding the progress of the case, the court cannot conclude that these explanations show excusable neglect. Indeed, the

---

[125] *Skinner*, 27 V.I. at 197 (citing *Zawadski*, 822 F.2d at 420).

[126] *Scatliffe*, 17 V.I. at 97.

[127] *See generally Newrez*, 2025 VI SUPER 30U, n.61 (citing and quoting parenthetically *Evans-Freke v. Evans-Freke*, 75 V.I. 407, 462 (V.I. 2021) (Swan, J., concurring) ("*They*, merriam-webster.com, http://www.meriam-webster.com/dictionary/they (last visited Oct. 25, 2021) (updating the usage of they to '[be] used with a singular antecedent to refer to an unknown or unspecified person' or 'to refer to a single person whose gender identity is nonbinary').")); *Bonner*, 2025 VI SUPER 19U, n75 (same); *Hoolink*, 2025 VI SUPER 28U, n.32 (same); *D'Andrade*, 2025 VI SUPER 31U, n.70 (same).

2025 VI Super 40

court **cannot accept as excusable** a defendant, when faced with a $[10],000 claim, simply leaving a complaint with an attorney who has not been retained and requesting a partner to follow through, without further inquiry.[128]

"The . . . Courts of the Virgin Islands have held that motions to vacate default judgments should be denied where defendants or their counsel act with ignorance, carelessness, mere forgetfulness, outright disregard, or a cavalier indifference to the service process."[129] Upon these facts, STT Cargo's reliance upon counsel does not support a finding of Good Cause/Excusable Neglect.[130]

---

[128] *Scatliffe*, 17 V.I. at 96-97 (emphasis added) (citing *Residential Reroofing Union Local 30-B v. Mezicco*, 55 F.R.D. 516 (E.D.Pa.1972)).

[129] *Boehm*, 1997 WL 35410102, at *2 (citing *Government of the Virgin Islands v. Virgin Islands Pleasure Boat Inc.*, 14 V.I. 123 (V.I. Super. Ct. 1977); *Scatliffe*, 17 V.I. 91; *Miranda Hermanos Co.*, 13 V.I. 271)); *e.g.*, *Skinner*, 27 V.I. at 197-98 (citing *Zawadski*, 822 F.2d at 420); *Daisley*, 2012 WL 687053, at *4 ("The trial court issued the divorce decree on January 23, 2004. The Appellant's 60(b) motion to set aside the divorce decree was filed on February 3, 2005. Therein, the Appellant justified [their] delay by averring that he did not recall being served and that [their] failed to sufficiently scrutinize the documents he was served with. The Appellant further conceded that he had no defense to the clear indication on the record that he had, indeed, been personally served. The Appellant further claims that [they] lacked the sophistication to understand the documents they] was served with. However, neither ignorance, nor lack of sophistication nor failure to scrutinize documents are sufficient to overcome Rule 60(b)(1)'s one year time-bar or otherwise serve as a viable basis for substantive relief." (citing *Miranda Hermanos Co.*, 13 V.I. at 277; *Berry*, 36 V.I. at 73)); *Boehm*, 1997 WL 35410102, at *2 ("The Court cannot accept [movant's] claims that [they] was so distracted for a period of five to six weeks that [they] could not remember to inform [their] counsel. By [movant]'s own admission, [they were] in repeated contact with [their] lawyer during this time, [they] had been served with plaintiff's complaint, and plaintiff's motion for default. Additionally, after this Court entered a default judgment in the amount of $9,437.00 against [movant] on November 30, 1996, it took [movant] nearly seven weeks to file a motion to set aside the default judgment. Such conduct on the part of the [movant], who appears to have a good deal of experience in matters concerning litigation, cannot be deemed excusable, but instead reveals either an outright disregard or a cavalier indifference by the [movant] to the service of process upon [them].") *Donastorg v. Willis*, No. ST-2010-CV-272, 2015 WL 375839, at *4 (V.I. Super. Jan. 27, 2015) (unpublished) ("The default was the result of [movant]'s culpable or inexcusable conduct. Aside from filing [the] initial Answer, it does not appear that [movant] took any action in this case until [they] retained Attorney Clive Rivers, who entered an appearance for the [movant] on December 9, 2014. As the Plaintiffs indicate in their Opposition, [movant] waited over two years after the Court entered default before [they] retained an attorney in this matter. Further, [movant] waited almost two months to retain counsel once the Court scheduled a hearing on the issue of damages. [Movant] provides no reason for waiting over two years to finally respond to the First Amended Complaint.").

[130] *Appleton*, 61 V.I. at 268-69 (Movant, proceeding *pro se*, "was served with [the pleading] on July 8, 2010, informing [them] of the claims against [them] and that a 'judgment by default will be taken against you as demanded in the complaint" upon a "failure to appear or answer.' [Movant] had until July 28, 2010, to respond to Harrigan's claims, and after [they] failed to do so for several months, the Superior Court entered default on December 2, 2010. Despite the 'greater leeway' granted to *pro se* parties, this does not excuse [movant]'s failure to appear or respond to the allegations . . . when [they were] properly served and informed of the consequences of such a failure. Therefore, because [movant] was properly served and informed of the consequences of failing to respond, the Superior Court did not abuse its discretion in denying [the] motion to set aside the entry of default judgment . . . ." (citing *Simpson*, 56 V.I. at 280)).

2025 VI Super 40

## C. Meritorious Defense

¶41 "While a defendant need not prove that [they] would prevail on the merits of [their] defense, [they] must do more than make an unsupported allegation of a defense. At a minimum, [they] must allege a credible factual basis of such a meritorious defense and must accompany such a motion with supporting evidence that tends to show that the asserted defense is potentially meritorious."[131] General denials of the allegations in the complaint are not enough; there must be specific factual matter proffered that, if proved, establish either a negative or affirmative defense.[132]

---

[131] *Boehm*, 1997 WL 35410102, at *2 (citing *Scatliffe*, 17 V.I. at 94). For example, "[a] meritorious defense is established 'when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.' [Movant]'s proffer of facts in its motion, accompanied by a copy of the $1,000 check and an affidavit from a party who participated in settlement negotiations, presented sufficient information for the court to be able to evaluate the merits of the defense." *Deal Furniture*, 961 F. Supp. at 121 (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195; and citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

[132] *Skinner*, 27 V.I. at 197 ("The [movants] have not come forward with a prima facie meritorious defense or any defense at all. They have not responded to the allegations presented in plaintiffs' complaint nor have they filed a brief regarding the appeal with this court. A [movant] seeking to set aside a default judgment is required to set forth with some specificity the grounds for [their] defense and the trial court must then evaluate that defense to determine whether it is meritorious." (citing *Harad*, 839 F.2d at 982)); *compare Donastorg*, 2015 WL 375839, at *4 ("[T]he general denials in both Defendant's original Answer and in Defendant's Answer to Plaintiffs' First Amended Complaint do not establish a meritorious defense. In cases where a meritorious defense has been found, a moving party has relied on specifically-pled facts to persuade the court that an entry of default should be set aside. [T]he defendant's answer [did not contain] specific factual allegations as to why defendant was not bound to the alleged terms of a contract. [I]n addition to 'simple denials or conclusory statements,' the defendant's answer 'also alleged specific facts beyond the general denial' that would constitute a complete defense." (quoting *Tozer*, 189 F.2d 244; *$55,518.05 in U.S. Currency*, 728 F.2d at 195; and citing *Gross v. Stereo Component Systems. Inc.*, 700 F.2d 120, 123 (3d Cir. 1983); *Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982))); *with Scatliffe*, 17 V.I. at 94-95 (Movant "claims that defendants George and Sprauve breached the Purchase and Sales Agreement out of which their cross-claim arose 'by failing to deliver mover functional and operational car wash as warranted.' The Purchase and Sales Agreement attached to George's and Sprauve's response to [movant]'s motion, however, shows that no such warranty was ever made. In fact, the agreement states, 'the Buyers have examined the premises and are willing to accept the premises as they are with all the equipment and other assets presently located and situated on the premises.' [Movant] has not challenged the attached agreement, nor [have they] asserted that the agreement was modified. Thus, the court does not believe [movant] has shown this to be a meritorious defense."); *see generally, e.g., Bazzar*, 2015 WL 5935188, at *4 ("The Court finds, without taking into account the arguments raised in the motion to dismiss, that [movant] has asserted sufficient facts to support a finding that there exists a basis for a meritorious defense to Plaintiff's negligence and premises liability claim."); *Deal Furniture*. 961 F. Supp. at 121 ("[T]hough many terms of the agreement were not provided. the court may find that the negotiated settlement eliminated a substantial portion of the original debt. A defense that reduces the actual judgment award could constitute

¶42 STT Cargo has not proffered a Meritorious Defense. While it asserts that the valuation provided by Braga is questionable, it provides no comparisons from which such a conclusion could be drawn. Likewise, the desire to cross-examine is not a proffer of facts that would defeat, even in part, the damages determination. The absence of a Meritorious Defense weighs against a finding of Good Cause/Excusable Neglect.

### D. Non-Movant Braga's Conduct

¶43 Bad faith and other conduct on the part of the non-movant can weigh in favor of a finding of Good Cause/Excusable Neglect.[133] Nothing in the record indicates Braga took any actions or communicated anything that would have led STT Cargo to fail to appear or otherwise defend this Case, and this factor does not weigh in favor of finding Good Cause/Excusable Neglect.

### E. Prejudice to the Opposing Party

¶44 "Prejudice to the nonmoving party encompasses, among other things, the 'loss of opportunity to present some material aspect of a case,' 'the expenditure of money or similar detrimental changes in position by one side in reliance on the action or inaction of the other,' and

---

a meritorious defense for this purpose." (citing *Howard Fischer Assoc., Inc. v. CDA Investment Technologies*, 1995 WL 472115, *3, n. 4 (E.D. Pa. 1995) (unpublished); *Grubb v. Evangelisti*, 1989 WL 55382 (E.D. Pa. 1989))).

[133] *E.g., Deal Furniture*, 961 F. Supp. at 120 and n.6 (The court must consider a movant's "culpability in the litigation process. The record does not imply willful misconduct by appellants. It appears that they acted in good faith by entering negotiations and making partial payment toward complete settlement. Appellants assert, and [the non-moving party] vaguely denies, that the agreement contemplated dismissal of the lawsuit as a term of settlement. Under this set of facts, [movants'] actions constituted excusable behavior based on the reasonableness of their belief that [the non-movant] would dismiss the debt action. . . . Even if it turns out that [the non-movant] had not agreed to dismiss the litigation, the misunderstanding between the parties constituted sufficient reason on its own for vacating the default judgment." (citing *INVST Fin. Group, Inc. v. Chem–Nuclear Systems, Inc.*, 815 F.2d 391 (6th Cir. 1987))); *Deal Furniture*, 961 F. Supp. at 121 (The non-movant's "action in obtaining a default judgment for the full amount, without deducting the $1,000 payment, casts serious doubt on its good faith. The trial court could use this failure to disclose that a payment had been received in judging the credibility of [the non-movant's] denial that there was an agreement to dismiss the case. Furthermore, though many terms of the agreement were not provided, the court may find that the negotiated settlement eliminated a substantial portion of the original debt.").

2025 VI Super 40

the imposition of 'additional trial preparation, and added expense.'"[134] "Importantly, the 'absence

of prejudice alone can never constitute good cause to excuse late service.'"[135]

¶45    Under the present facts, "[v]acating the default judgment prejudices the plaintiff[.]  They

had prepared for and appeared at trial . . . and complied with all of the trial court's orders.  Although

the delay 'in realizing satisfaction on a claim rarely serves to establish the degree of prejudice

sufficient to prevent the opening of a default judgment entered at an early stage of the proceeding,'

this case represents a delay of what is now approximately [fourteen] months since the plaintiffs

[discovered the destruction of her personal property] and approximately [six] months since

plaintiffs filed their complaint."[136]  While such a delay in a general civil matter may not warrant a

finding of prejudice,[137] given the focus on prompt and inexpensive resolution focusing on doing

substantial justice in the Small Claims Division, a finding of prejudice to Braga is warranted.  This

factor does not support a finding of Good Cause/Excusable Neglect.

---

[134] *Greene*, 67 V.I. at 738 (quoting *Sizemore*, 56 S.W.3d at 568); *see also Deal Furniture*, 961 F. Supp. 120 ("The prejudice referred to . . . is that which is experienced after default judgment has been entered and which would not otherwise be visited upon the judgment creditor. [The non-movant] has not shown that vacating the default judgment would have subjected it to greater prejudice than that ordinarily experienced in the processing of a normal court docket, since mere delay in final resolution was never contemplated as a factor to be considered in determining prejudice." (citing *Skinner*, 27 V.I. at 196; James Wm. Moore, Moore's Federal Practice ¶ 55.10, at 55–75, n.25, 80, 86 (2d ed.1996))).

[135] *Beachside Assocs.*, 53 V.I. at 713 (quoting *MCI Telecomms.*, 71 F.3d at 1097).

[136] *Skinner*, 27 V.I. at 197 (quoting *Emcasco Ins.*, 834 F.2d at 74).

[137] *Cf. Bazzar*, 2015 WL 5935188, at *3 ("While the Court recognizes that [non-movant] expended time preparing and filing the motion for entry of default, the motion for default judgment, and a notice of waiver of jury trial, the case itself is still in the early stages, and the Court is unable to find prejudice to [non-movant] based on the mere delay in the proceedings and final resolution of the case." (citing *Deal Furniture*, 961 F. Supp. at 120)); *Donastorg*, 2015 WL 375839, at *3 ("[Non-movants] contend that they will suffer great prejudice because it has been over two years since the default entered against [movant]. . . . This argument is not persuasive. Although the passage of time may have obscured the memories of those involved, [non-movants] would still be able to propound interrogatories, request documents, depose witnesses, and, if necessary, retain expert opinions. [Movant] would also have the opportunity to do the same.  Further, aside from providing voluntary disclosures pursuant to Federal Rule 26, amending their Complaint, seeking an entry of default, and defending [the present] Motion, [non-movants] have taken little other action in this case.  Although the parties would be getting a very late start, it is unlikely that setting aside the entry of default and allowing the parties to proceed to discovery will prejudice the [non-movants].").

## F. <u>Undue Delay Affecting Docket Management</u>

¶46    "Any delay that affects the Superior Court's ability to manage its docket as a whole weighs against a finding of excusable neglect."[138] The docket of the Magistrate Division is overwhelming, and vacating the Default Judgment would require a new trial. This most certainly impacts the ability of the Court to manage its docket. However, given that this sort of prejudice will arise in every Small Claims Case in which a Default Judgment is sought to be vacated, it is unclear how significant this factor is. Certainly, to give it significant weight would completely undermine the purpose of Virgin Islands Small Claims Rule 6(b) providing for relief from a Small Claims Default Judgment. Beyond this, the Court is not aware of any docket management issues vacating the Default Judgment would cause. This factor only weighs minimally against the finding of Good Cause/Excusable Neglect.

## G. <u>Mistake of Counsel</u>[139]

¶47    "'Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect,[[140]] it is clear that excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the

---

[138] *Greene.*, 67 V.I. at 738 (citing *Ameritech Corp.*, 442 F.3d at 606–07; *Baptiste*, 2015 WL 9460128, at *5).

[139] While the Court has already rejected mistake of counsel as a relevant factor, the absence of binding precedent directly stating this point justifies reasoning in the alternative. *See Virgin Islands Taxi Ass'n*, 67 V.I. at 684 ("[W]hen the Superior Court predicates its ruling on one basis without addressing alternate arguments, we will decline to address those alternate arguments in the first instance on appeal." (citing *Rennie v. Hess Oil V.I. Corp.*, 62 V.I. 529, 541 (V.I. 2015) ("Ordinarily, when the Superior Court enters judgment on one basis, but fails to consider alternate arguments that were raised by the parties, this Court will decline to address those alternate issues in the first instance, and instead direct the Superior Court to do so on remand." (citations omitted)); *Fawkes v. Sarauw*, 66 V.I. 237, 251 n.8 (V.I. 2017))); *Metivier*, 77 V.I. at 611 ("Because the Superior Court provided an alternate reason for denying the substitution motions and dismissing the claims, we may not reverse the April 26, 2020 opinion and order unless we are to also hold that the Superior Court erred with respect to this determination.").

[140] *Boehm*, 1997 WL 35410102, at *2 (citing *Government of the Virgin Islands v. Virgin Islands Pleasure Boat Inc.*, 14 V.I. 123 (V.I. Super. Ct. 1977); *Scatliffe*, 17 V.I. 91; *Miranda Hermanos*, 13 V.I. 271).

**2025 VI Super 40**

movant.' [Courts have] identified five non-exclusive factors to guide courts in determining whether an attorney's inadvertence is inexcusable: '(1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure; (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.'"[141]

¶48    STT Cargo makes the following argument:

> The client should not be punished for the mistakes of the attorney. *Fla. Physician's Ins. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (technical error by a party's attorney should not deprive the party of an opportunity to present the merits of its claim). The Motion makes clear that Defendant's failure to appear at trial was the result of its attorney's clerical error. Defendant should be allowed to defend and present its case.

STT Cargo does not even attempt to apply any of the factors governing when mistake of counsel will allow a finding of Good Cause/Excusable Neglect. Absent some argument, there can be no finding of Good Cause/Excusable Neglect.[142]

---

[141] *Archer*, 67 V.I. at 1030-31 (quoting *Consol. Freightways Corp. of Del. v. Larson*, 827 F.2d 916, 919 (3d Cir. 1987); *Ragguette v. Premier Wine & Spirits*, 691 F.3d 315, 324(3d Cir. 2012); and citing *Pioneer*, 507 U.S. at 392)); *cf. Bazzar*, 2015 WL 5935188, at *3 ("Despite the fact that there appeared to be a miscommunication between counsel regarding whether default had been entered by the Clerk, and while it was [movant]'s counsel's responsibility to independently review the Court's Docket, the Court is unable to determine that [movant]'s counsel was attempting 'to circumvent the rules and procedures of the Court' to justify a finding of inexcusable neglect on the part of [movant] . . . .").

[142] *Cristobal*, 2018 WL 3105452, at *4-*5 (No excusable neglect where "the Government only states that it 'inadvertently failed to file the notice of appeal' without stating why this shows good cause or excusable neglect to accept this appeal out of time."); *see Peters*, 60 V.I. at 481, 483-84 (Appellant "filed an affidavit in which [their] trial counsel stated that '[they] overlooked filing the Notice of Appeal' in [this] case, and that [they were] unable to determine when the Superior Court's Judgment and Commitment reached [their] office, or 'when and if [movant] requested' that a notice of appeal be filed. . . . No statute or court rule allows the Superior Court to grant . . . 105 days

2025 VI Super 40

## H. Preference for Decision on the Merits

¶49    The Virgin Islands Courts' preference for decisions on the merits has at least two apparent

applications.  The first involves instances where technical application of rules would defeat a

meritorious argument or claim raising doubt as to whether the rule should be strictly applied; or,

said slightly differently, in those instances where proof of Good Cause/Excusable Neglect is a

close call, doubt should be resolved in favor of allowing for a merits determination.[143]  The Court

does not question the continued viability of this application, but the present facts are not a close

call under the Good Cause/Excusable Neglect standard discussed above.

¶50    The second application of the preference for a determination on the merits appears to be

founded on the former Superior Court Rules governing Small Claims Proceedings, which allowed

the vacating of a default judgment for mistake and other reasons in addition to Good

Cause/Excusable Neglect.[144]  It is axiomatic that this standard was replaced by the standard set

forth in Virgin Islands Small Claims Rule 6(b), which limits the consideration of whether to vacate

---

to file an appeal with this Court after the entry of a final judgment, and accordingly, the Superior Court erred in granting [the] motion for an extension of time.").

[143]*See, e.g., Powell*, 72 V.I. at 1043 ("[P]arties should be afforded liberal freedom to amend, to satisfy this Court's 'strong preference for trial courts to decide doubtful cases on their merits *rather* than dismiss them for a failure to strictly follow purely procedural rules.'"(emphasis added) (quoting *Joseph*, 54 V.I. at 650; *Daves*, 661 F.2d at 1025)).

[144] *Ryans Rest.*, 949 F. Supp. at 383 ("Since there is no requirement in the Small Claims Division under Terr. Ct. R. 62 to submit an answer or other responsive filing that may indicate the existence of a meritorious defense, the preference for resolving controversies on the merits rather than by default is even stronger."); *Deal Furniture*, 961 F. Supp. at 120 ("Territorial Court Rule 50 entitles the trial judge to set aside the default judgment 'for good cause shown' and as guided by Fed. R. Civ. P. 59–61. In general, courts disfavor default judgments, preferring instead to decide cases on the merits. Determining whether to grant a motion to set aside default is based on liberal as opposed to strict interpretation, and 'any doubt should be resolved in favor of the petition to set aside the [default] so that cases may be decided on their merits.'" (emphasis added) (quoting *Medunic v. Lederer*, 533 F.2d 891, 893–94 (3d Cir.1976); citing *Skinner*, 27 V.I. at 196; *$55,518.05 in U.S. Currency*, 728 F.2d at 194; *Tozer*, 189 F.2d at 245; *$55,518.05 in U.S. Currency*, 728 F.2d at 194–95)); *Daisley*, 2012 WL 687053, at *3 ("[T]he court may relieve a party or a party's legal representative from a final judgment order or proceeding for the following reasons: (1) mistake , inadvertence, surprise or excusable neglect [or] ... (6) any other reason justifying relief from the operation of the judgment.'" (emphasis added) (quoting Fed. R. Civ. P. 60(b)(1), (6); and citing *Skinner*, 27 V.I. at 196)).

2025 VI Super 40

a Default Judgment in a Small Claims Proceeding to Good Cause/Excusable Neglect.[145] To the extent STT Cargo relies upon a standard contained only in a repealed rule, that reliance is misplaced as a matter of law.

## CONCLUSION

¶51 Because the Default Judgment is valid and STT Cargo has failed to make a showing of Good Cause/Excusable Neglect, the order of the Magistrate Division denying STT Cargo's motion for relief from a Small Claims Default Judgment is affirmed.

Accordingly, it is hereby

**ORDERED** that Order of the Magistrate Division denying the motion to vacate the Default Judgment is **AFFIRMED**; and it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.

DATED: December 1, 2025

**HONORABLE SIGRID M. TEJO**
Judge of the Superior Court of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

BY: _____
**PAULA CLAXTON**
Court Clerk III 12/1/2025

---

[145] *Mills-Williams*, 67 V.I. at 584-85 (When a court rule adopts a standard different from a prior rule, the new standard replaces the old.).